v.

**DISTRICT COURT In and For the COUNTY OF PITKIN, Colorado, Respondent–Appellee.**

**No. 86 CA 0771.**

Colorado Court of Appeals, Div. I.

Jan. 28, 1988.

Charles D. Fagan, Aspen, for petitioner-appellant.

Milton K. Blakey, Dist. Atty., Charles McCrory, Deputy Dist. Atty., Aspen, for respondent-appellee.

PIERCE, Judge.

Petitioner, D.W.M., appeals the trial court's order denying his petition to seal the records of a prior misdemeanor arrest and conviction. We reverse and remand.

D.W.M. filed a petition pursuant to § 24–72–308(3)(c)(I), C.R.S. (1982 Repl.Vol. 10), to seal the records pertaining to his 1970 arrest and conviction for misdemeanor theft. At the hearing on his petition, he testified that he had served five months in jail for the conviction, but that he had not been arrested for any criminal offense for over 15 years. Petitioner also testified that he was interested in obtaining a business license from the state and that, therefore, he sought to have his record sealed so that he could reply negatively when questioned about any prior offenses.

The trial court determined that the statute under which petitioner sought relief was not designed to allow an individual to deny his past criminal record. Therefore, although it limited the release of the

records, the court denied the motion to seal.

### I.

 Petitioner challenges the correctness of the trial court ruling, arguing that the reasoning of the trial court was incorrect because it applied an erroneous test in determining whether to seal the records. We agree.

Section 24–72–308(3)(f)(I), C.R.S. (1982 Repl.Vol. 10) specifically addresses the trial court's concern. It provides that:

> "Employers, educational institutions, state and local government agencies, officials, and employees shall not, in any application or interview or in any other way, require an applicant to disclose any information contained in sealed records. An applicant need not, in answer to any question concerning arrest and criminal records information that has been sealed, include a reference to or information concerning such sealed information and may state that no such action has ever occurred."

Thus, the statute clearly allows an individual to deny past criminal involvement if such record has been sealed. Therefore, the trial court's denial of the petition is without a proper basis, and the cause must be remanded for an application of the proper test.

 Upon remand, the relevant issue is whether the harm to the privacy of petitioner or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records. *See* § 24–72–308(3)(c)(I). The trial court should balance these countervailing private and public interests, and, in making this balance, the court should consider the severity of the offense sought to be sealed, the time which has elapsed since the conviction, the subsequent criminal history of the petitioner, as well as the need for the government agency to retain the records. These factors must be weighed and the trial court's findings should reflect adequately such consideration.

### II.

 We reject any contention by the prosecution that § 24–72–308(3), C.R.S. (1982 Repl.Vol. 10) does not apply to criminal convictions. By definition, the statute applies to criminal records information which includes convictions. *See* § 24–72–302(1) and § 24–72–302(6), C.R.S. (1982 Repl.Vol. 10).

The order is reversed and the cause is remanded for further proceedings consistent with this opinion.

METZGER and CRISWELL, JJ., concur.