The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Deborah WARD–GARRISON, Defendant Appellee.

No. 02CA0620.

Colorado Court of Appeals, Div. A.

April 24, 2003.

Jeanne M. Smith, District Attorney, Daniel C. Zook, Chief Deputy District Attorney, Cynthia A. McKedy, Deputy District Attorney, Gordon R. Denison, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Opinion by Justice KIRSHBAUM.*

■ The People appeal from the district court judgment granting the petition of defendant, Deborah Ward–Garrison, to seal certain criminal records pursuant to § 24–72–308, C.R.S.2002. We reverse and remand with directions to deny the petition.

The relevant facts are not in dispute. In the underlying criminal case, the parties entered into a stipulation in 1993 pursuant to § 18–1.3–102(2), C.R.S.2002 (formerly § 16–7–403(2)), for entry of a deferred judgment and sentence upon defendant's guilty plea to a felony. The stipulation, executed by defendant, defendant's attorney, and the district attorney, was approved by the trial court. The trial court accepted defendant's guilty plea and entered a deferred judgment and sentence incorporating the stipulated terms.

In the stipulation, which anticipated that the case would be dismissed at the end of the deferral period, defendant admitted that she "in fact committed a felony crime"; acknowledged that there was a public interest in providing law enforcement agencies with "permanent, open access" to any criminal records relating to her case; and agreed "to give up any future right I may have, whether provided by C.R.S. 24–72–308 or by any other law, to have those records sealed by court order."

The criminal case was later dismissed in compliance with the provisions of § 18–1.3–102(2) and the terms of the stipulation.

Thereafter, in December 2001, defendant filed a petition pursuant to § 24–72–308 requesting the court to seal these criminal records. The People objected, asserting that the sealing of these records would violate the plea agreement in the underlying criminal case, which included defendant's express waiver of such sealing rights.

At the hearing on the petition, the People reiterated their objection to the petition. Defendant neither responded to this objection nor addressed her prior express waiver during the proceedings.

The district court rejected the People's argument on the ground that the waiver provisions of the plea agreement are "opposed to public policy" and granted the petition. This appeal followed.

The People contend that defendant's waiver of her right to request sealing the records of the case was not contrary to public policy and that the district court erred in failing to enforce the terms of the stipulation against defendant. We agree.

Under the provisions of § 18–1.3–102(2), a defendant who enters into a deferred sentencing agreement "is obligated to adhere to such stipulation." Thus, the General Assembly has determined as a matter of public policy that the terms of such stipulations are to be enforced.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

In addition, a trial court lacks authority under these statutory provisions to act unilaterally to modify the terms of such an agreement without the district attorney's consent. *See People v. C.G.,* 12 P.3d 861 (Colo.App.2000). No such consent was given here.

When a defendant has received the benefit of a bargain made and has at no time objected to any term of the subsequent judgment and stipulation, we perceive no basis in public policy to permit the defendant to renege on that portion of the agreement expressly waiving the right to request the sealing of the record. Permitting defendant to do so would contravene the language and policy of the statute and could greatly reduce the use of such stipulations in practice.

It is also noteworthy that in entering her guilty plea under the plea agreement, defendant validly waived several fundamental constitutional rights in the underlying criminal case. We see no basis to hold that defendant could not validly waive her right to request sealing the record, particularly when she did not argue to the trial court that her express waiver should not be enforced. *See People v. Gurule,* 748 P.2d 1329 (Colo.App.1987)(defendant's waiver of his future right to challenge prior convictions made as part of plea agreement did not violate public policy and was valid and enforceable in subsequent proceedings).

Review of the development of the statute here at issue supports this result.

In 1988, the categories of persons eligible to request the sealing of criminal records pursuant to § 24–72–308 were narrowed to include only persons not charged, persons whose cases were completely dismissed, or persons who were acquitted. *See* § 24–72–308(1)(a)(I), C.R.S.2002; *People v. Bushu,* 876 P.2d 106 (Colo.App.1994). In 1996, the availability of the statute was further restricted to exclude circumstances in which an offense was not charged "due to a plea agreement in a separate case" or in which a dismissal occurred "as part of a plea agreement in a separate case." Section 24–72–308(1)(a)(II), C.R.S.2002; *see* Colo. Sess. Laws 1996, ch. 155 at 736.

Here, the dismissal of the underlying criminal case was not due to a plea agreement in a separate case. Nevertheless, we view the 1996 amendments as reflecting a broad public policy against the sealing of criminal records in situations involving a favorable disposition to the defendant under a plea agreement, especially when, as here, the defendant has admitted committing a felony, received the benefit of the bargain, and offered no suggestion that the express waiver was otherwise invalid.

Thus, contrary to the district court's conclusions, we determine that under the circumstances here public policy favors the enforcement of defendant's express waiver of her statutory right to request the sealing of the criminal record in this case. Consequently, the trial court erred in granting defendant's petition to seal such records.

In view of this disposition, we need not address the remaining contentions raised by the People.

Accordingly, the district court judgment is reversed, and the case is remanded to that court with directions to enter an order denying defendant's petition to seal the records.

Chief Judge HUME and Judge METZGER * concur.