Christine WALKER–LAWRENCE, Petitioner–Appellant,

v.

**DISTRICT COURT OF TELLER COUNTY, Fourth Judicial District, Colorado, Respondent–Appellee.**

No. 02CA0849.

Colorado Court of Appeals, Div. IV.

June 19, 2003.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Kaufman & Levinson, LLC, Matthew J. Werner, Colorado Springs, Colorado, for Petitioner–Appellant.

Jeanne M. Smith, El Paso County District Attorney, Gordon R. Denison, Jeanne Wilson, Deborah Pearson, John Armstrong, Deputy District Attorneys, Colorado Springs, Colorado, for Respondent–Appellee.

Opinion by Judge GRAHAM.

Christine Walker–Lawrence, petitioner, appeals from the district court judgment denying her petition to seal certain criminal records pursuant to § 24–72–308, C.R.S.2002. We affirm.

The relevant facts are not in dispute. In the underlying criminal case, petitioner and the district attorney entered into a stipulation pursuant to § 18–1.3–102, C.R.S.2002 (formerly § 16–7–403), for entry of a deferred judgment and sentence upon petitioner's guilty plea to a misdemeanor. The stipulation, executed by petitioner, petitioner's attorney, and the district attorney, was approved by the trial court. The trial court accepted petitioner's guilty plea and entered a deferred judgment and sentence incorporating the stipulated terms.

In the stipulation, which anticipated that the case would be dismissed at the end of the deferral period, petitioner agreed "to give up any future right he/she may have, whether provided by C.R.S. 24–72–308 or by any other law, to have the record of this deferred judgment sealed by Court order."

When petitioner completed the terms of the deferred sentence, the case was dismissed with prejudice in compliance with § 18–1.3–102(2), C.R.S.2002, and the terms of the stipulation.

Petitioner filed a petition pursuant to § 24–72–308 requesting the court to seal these criminal records. The People objected, asserting that the sealing of these records would violate the plea agreement in the underlying criminal case, which included petitioner's express waiver of such sealing.

At the hearing on the petition, petitioner argued that § 16–7–303, C.R.S.2002, and CRE 410, which prohibits the admission of plea negotiations in civil actions, barred the district court from considering the waiver. Petitioner also argued that the waiver provision was a contract of adhesion and therefore unenforceable.

The district court denied the petition, concluding that "the clear language of the deferred sentence form precludes the petitioner from coming back to the Court later in order to seal" and that the waiver provision did not constitute a contract of adhesion. This appeal followed.

 Petitioner contends that the district court erred in considering the waiver of her right to request sealing the records. We disagree.

In a factually similar case, *People v. Ward–Garrison*, 72 P.3d 423, 2003 WL 1923833 (Colo.App. No. 02CA0620, Apr. 24, 2003), a division of this court recently held that public policy favors the enforcement of a defendant's express waiver of her statutory right to request the sealing of criminal rec-

ords, where the defendant received a favorable disposition and the benefit of the bargain under a plea agreement. The *Ward–Garrison* division concluded that § 18–1.3–102(2), which provides that a defendant who enters into a deferred sentencing agreement "is obligated to adhere to such stipulation," requires that the terms of such stipulations be enforced. The division noted that a trial court lacks authority under these statutory provisions to act unilaterally to modify the terms of such an agreement without the district attorney's consent. No such consent was given here.

The *Ward–Garrison* division also concluded that in entering a guilty plea under the plea agreement, the defendant validly waived several rights in the underlying criminal case, including fundamental constitutional rights and the right to request sealing the record. We find *Ward–Garrison* persuasive and follow it here.

 We also reject petitioner's evidentiary arguments that the terms of the plea agreement are not admissible in this proceeding to seal the record. CRE 410 prohibits the admission of evidence of a guilty plea later withdrawn or statements made by a defendant during plea negotiations in subsequent proceedings against the defendant. Likewise, § 16–7–303 makes statements made in the course of plea negotiations inadmissible against or in favor of the defendant in subsequent proceedings.

Contrary to petitioner's contentions, these provisions do not bar discovery of the terms of the deferred sentence and judgment. Because § 18–1.3–102(2) clearly provides that a defendant who enters into a deferred sentencing agreement is obligated to adhere to such stipulation, the trial court must be permitted to review the terms of the agreement to determine whether the defendant is in compliance with those terms. Nor is the sentencing agreement being used in a proceeding against petitioner. Thus, CRE 410 and § 16–7–303 are inapplicable. Petitioner's contention that these provisions somehow modify a contract which has already been performed is not supported by established precedent.

Moreover, because petitioner has received the benefit of the bargain she made, we perceive no basis in public policy to now allow her to renege on that portion of the agreement expressly waiving the right to request the sealing of the record. *See People v. Ward–Garrison, supra.*

The judgment is affirmed.

Chief Judge DAVIDSON and Judge NIETO concur.