Upon the Petition of **R.J.Z.,**
**Petitioner–Appellant,**

**v.**

The **PEOPLE of the State of Colorado,**
**Respondent–Appellee.**

No. 03CA1556.

Colorado Court of Appeals,
Div. IV.

Aug. 12, 2004.

Certiorari Denied Dec. 20, 2004.*

---

* Justice COATS would grant as to the following issue:

Whether the court of appeals erred in reversing the trial court's denial of respondent's petition to seal arrest and criminal records.

## I.

In June 2001, petitioner was arrested and charged with multiple counts of sexual assault on a child by one in a position of trust and with other related offenses. All the charges arose out of allegations by a young woman that petitioner had had unlawful sexual contact with her several years earlier, when he was the youth pastor at her church. Thirteen of the twenty-five counts were dismissed at the preliminary hearing or at the close of the People's case, and the jury found petitioner not guilty of the remaining charges.

Three months after the trial, petitioner filed a petition pursuant to § 24–72–308, C.R.S.2003, to seal his arrest and criminal records. Notice of the petition was sent to the district attorney, the police and sheriff's departments, and eight other entities or individuals. The district attorney objected, and a hearing was held.

Petitioner was the only witness at the hearing. He testified regarding his employment history as a teacher and school administrator and regarding employment opportunities he had lost as a result of the charges.

After hearing his testimony and the arguments of counsel, the trial court denied the petition. It concluded that the public interest in keeping the records open to the public and to potential employers outweighed any harm to petitioner's privacy interests and any danger of unwarranted adverse consequences to him. In so ruling, the court stated that it had considered all the relevant factors bearing on its decision and had given the most weight to the severity of the charged offenses, the short time that had elapsed since acquittal, the pending "inquiry and possibly investigation" of petitioner by the district attorney's office, and the fact that petitioner was seeking to pursue employment in a field in which he would be supervising, and would be alone with, children and teenagers.

Newell and Vonachen, Steven R. Newell, Denver, Colorado, for Petitioner–Appellant.

James J. Peters, District Attorney, Paul R. Wolff, Deputy District Attorney, Centennial, Colorado, for Respondent–Appellee.

Opinion by Judge VOGT.

Petitioner, R.J.Z., appeals the trial court's order denying his petition to seal his arrest and criminal records. We reverse and remand with directions.

## II.

Petitioner contends on appeal that the trial court abused its discretion in denying his petition. We agree.

Section 24–72–308(1)(a)(I), C.R.S.2003, provides that a person acquitted of criminal charges may petition the district court for the sealing of all arrest and criminal records except basic identification information. If the court determines that the petition is sufficient on its face, it is to set the matter for hearing. Section 24–72–308(1)(b)(II)(B), C.R.S.2003. Thereafter, "if the court finds that the harm to the privacy of the petitioner or dangers of unwarranted adverse consequences to the petitioner outweigh the public interest in retaining the records, the court may order such records, except basic identification information, to be sealed." Section 24–72–308(1)(c), C.R.S.2003; *see also Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157 (1972)(in case ·predating statute, supreme court recognized that harm to acquitted person from refusal to expunge arrest records could outweigh public interest in retaining the records).

A person whose records have been sealed cannot be required to disclose any information in the records, and "may state that no such action has ever occurred." Section 24–72–308(1)(f)(I), C.R.S.2003. However, the records are not physically destroyed. Section 24–72–308(1)(g), C.R.S.2003. They may be inspected by the person who is the subject of the records or by the prosecuting attorney upon petition to the court, *see* § 24–72–308(1)(e), C.R.S.2003, and are available to other criminal justice agencies seeking the information in the records. *See* § 24–72–308(3)(d), C.R.S.2003 ("This section shall not apply to arrest and criminal justice information or criminal justice records in the possession and custody of a criminal justice agency when inquiry concerning the . . . information or . . . records is made by another criminal justice agency.").

■ A trial court applying the statute must balance the competing interests of the individual and the public in determining whether criminal records should be sealed. Its decision may not be overturned on appeal absent an abuse of discretion. *In re Petition of T.L.M.,* 39 P.3d 1239 (Colo.App.2001)(reversing order that partially denied petition to seal and directing trial court to seal social services records regarding dismissed child abuse charges).

In *D.W.M. v. District Court,* 751 P.2d 74 (Colo.App.1988), which involved a petition under a prior version of the statute that permitted sealing of records even where the petitioner had been convicted, a division of this court enumerated four factors to be considered in balancing the harm to the petitioner against the public interest: (1) the severity of the offense; (2) the time elapsed since the conviction; (3) the subsequent criminal history of the petitioner; and (4) the need for the government agency to retain the records.

In *People v. Bushu,* 876 P.2d 106 (Colo. App.1994), another division held that the *D.W.M.* factors remained relevant even though the statute no longer permitted convicted persons to petition for sealing of their records. In addition, courts could consider: (1) the strength of· the government's case against the petitioner; (2) the petitioner's age and employment history; and (3) the specific adverse consequences the petitioner might suffer if the records were not sealed. Such factors were "not meant to be all-inclusive," and trial courts were to consider specific factors on a case-by-case basis. *Bushu, supra,* 876 P.2d at 108.

The trial court in this case cited the factors set forth above in its order. However, we conclude that its determination that these factors warranted denial of the petition reflects a misapplication of certain of the factors and, as to other factors, is manifestly against the weight of evidence in the record. *See Hytken v. Wake,* 68 P.3d 508, 510 (Colo. App.2002)(abuse of discretion is found if trial court's findings and conclusions are "so manifestly against the weight of evidence in the record as to compel a contrary result"); *Atmel Corp. v. Vitesse Semiconductor Corp.,* 30 P.3d 789 (Colo.App.2001)(court abuses its discretion when it inappropriately applies a legal standard).

A.

■ We first consider the extent to which the denial is supported by the first factor cited by the trial court, the severity of the charged offenses.

The trial court gave significant weight to this factor in deciding to deny the petition. However, although severity of the offenses was recognized as a relevant factor in *D.W.M.* and *Bushu*, and although the felony sex offenses with which petitioner was charged were indeed serious, it does not follow that this factor weighs against sealing the records in the circumstances presented here.

As noted, more than half of the charges against petitioner were dismissed, and the jury acquitted him of the rest after a trial on the merits. Thus, this is not a situation where, for example, a defendant with a history of violence against women escaped conviction because the victim was afraid to testify, *see People v. White*, 169 Misc.2d 89, 642 N.Y.S.2d 492 (N.Y.Sup.Ct.1996)(denying motion to seal records where interests of justice required that records remain unsealed), or where a defendant who admitted responsibility for abusing a child was acquitted after his confession was suppressed. *See State v. S.R.*, 63 Ohio St.3d 590, 589 N.E.2d 1319 (1992).

In these circumstances, we conclude that the severity of the charges cannot be viewed as a factor supporting denial of a petition to seal. Indeed, if anything, in an acquittal context, the fact that the charges of which the petitioner was acquitted were serious increases the potential harm to him if the records are not sealed.

### B.

█ Nor does the next factor cited by the court—"the amount of time that has elapsed since the petitioner was acquitted"—support denial of the petition.

In *D.W.M., supra*, the petitioner had been convicted and had served five months in jail, but had not been arrested in the fifteen years following his conviction. The division found that to be a relevant factor in determining whether to grant the petition. The *Bushu* division indicated that the "time elapsed" factor remained applicable in situations where an acquitted person sought to seal records. However, it vacated an order denying a petition to seal filed two months after

the petitioner was acquitted and did not suggest that the short time weighed against granting the petition.

Here, the petition to seal was filed some three months after trial. The trial court stated it had considered this factor, but did not explain what significance it gave to the relatively short time elapsed. We perceive no reason, and the People suggest none, for attaching any significance to a three-month lapse of time when, as here, sealing of the records is sought following an acquittal.

### C.

█ Although a petitioner's subsequent criminal history and the need for the government to retain the records are additional factors that the trial court is directed to consider, and although the court here noted the "pendency of a district attorney investigation concerning the petitioner," we again perceive no basis for concluding that these factors support denial of the petition to seal in this case.

There was no evidence that petitioner had been arrested or charged with any crimes subsequent to his acquittal on the charges at trial. Except for the district attorney, none of the entities or individuals who received notice of the petition raised any objection to it. At the hearing, the district attorney advised the court that her office was conducting further investigation of petitioner "with regard to possible other similar crimes," and asked the court to deny the petition or "at least postpone this until we're able to investigate ... further." However, she offered no affidavit or other evidence regarding the nature of the investigation or the information on which it was based.

Thus, even if we were to agree with the People that the trial court could rely on statements made by the district attorney as an officer of the court, there was nevertheless insufficient evidence presented to support a conclusion that petitioner's "subsequent criminal history" supported denial of the petition to seal the records.

As for the government's need to retain the records unsealed, as noted above, the records are not destroyed when they are sealed; the

prosecuting attorney may petition the court to inspect the sealed records; and the statute does not bar inquiries about the records made by another criminal justice agency. *See* § 24–72–308(1)(e), (g) & (3)(d). Accordingly, even if sealed, the records would remain available if they were needed for a further investigation.

### D.

■ Another factor cited by the trial court was the strength of the government's case. Again, however, there was no evidence regarding this factor that could support denial of the petition.

There is little if any evidence in the record regarding the facts underlying the charged offenses. The judge conducting the hearing on the petition to seal had not presided at the criminal trial. None of the witnesses from that trial testified, and no documentary evidence was introduced.

In arguing that the prosecution had a strong case, the district attorney informed the court that the jury had deliberated for two days, and that one juror had said he believed petitioner was guilty but the jury was concerned about the lack of specificity in the various counts. However, assessing the strength of the government's case based on the length of jury deliberations necessarily involves speculation, *see People v. Frye,* 898 P.2d 559 (Colo.1995), and does not, without more, establish that the prosecution's case was strong. Further, because the district attorney neither called the juror to testify nor made an offer of proof but simply recounted what he had told her, we need not decide whether, as petitioner contends, such testimony would have been inadmissible under CRE 606(b) had the juror in fact been called as a witness.

### E.

■ Finally, denial of the petition cannot be upheld based on the additional factors considered by the trial court: namely, petitioner's employment history and the adverse consequences he faced if the records remained unsealed.

Petitioner testified at the hearing that he had worked for about fifteen years as a teacher and school administrator, and that he was pursuing a Ph.D. degree that would enable him to obtain advanced positions in school administration. At the time of his arrest, he was placed on administrative leave from his position as an assistant principal at a middle school. Because the trial took longer than expected, his contract for that position was not renewed for the following year. Also, before his arrest, he had been offered a contract to become assistant principal at a high school. However, the offer was rescinded in light of the accusations against him. Following his acquittal, he was offered a job as a coordinator for youth and young adult programs at a church, but the church rescinded the offer after it did a background check. His current teaching job at a college paid half of what he formerly made as a school administrator, and his family was "barely getting by."

Petitioner also testified that, when he was a school administrator, his school would not consider an applicant who had been arrested for a sex crime. *See Davidson v. Dill, supra* (noting that 75% of employment agencies surveyed refused to refer an applicant with an arrest record).

The trial court found petitioner's testimony to be credible.

In its ruling, the court cited petitioner's "desire to pursue employment that will permit him to supervise and be alone with children" as a factor it considered in deciding to deny the petition. We acknowledge the concerns of the court and of employers who must consider applicants for positions involving supervision of children and teenagers. Nevertheless, in the circumstances presented here, given the absence of other factors supporting the denial of the petition and the significant harm to petitioner if the records remain unsealed, this consideration alone could not warrant keeping the records unsealed.

We also note that the statute reflects the General Assembly's intent that persons acquitted of criminal offenses may seek to have their records sealed and that, if the records are sealed, such persons are not required to

disclose to potential employers the information contained in those records. *See* § 24–72–308(1)(f)(I).

Although the General Assembly excepted certain traffic offenses from the scope of the statute, *see* § 24–72–308(3)(a), C.R.S.2003, it did not entirely except sex offenses from its scope. Rather, it (1) added a provision in 1992 making the statute inapplicable to records of sexual assault offenses where there had been a plea agreement, deferred judgment, conviction, or the like, *see* Colo. Sess. Laws 1992, ch. 168, § 24–72–308(3)(c) at 1106; (2) amended that provision in 1996 to state that the statute is inapplicable to records "pertaining to ... a conviction of an offense for which the factual basis involved unlawful sexual behavior as defined in section 18–3–412.5(1), C.R.S.," *see* Colo. Sess. Laws 1996, ch. 280, § 24–72–308(3)(c) at 1587; and (3) amended the same provision once again in 2002 to its current form by changing the statutory reference from "section 18–3–412.5(1)" to "section 16–22–102(9)," *see* Colo. Sess. Laws 2002, ch. 297, § 24–72–308(3)(c) at 1190. Although the General Assembly has thus given significant attention to the applicability of § 24–72–308 to sex offenses, it has never indicated that persons acquitted of sex offenses may not petition to have their records sealed.

In sum, the record does not support the trial court's conclusion that the public interest in retaining the records unsealed outweighed the adverse consequences to petitioner if his petition were denied.

Accordingly, the trial court's order is reversed, and the case is remanded with directions to enter an order granting the petition.

Chief Judge DAVIDSON and Judge LOEB concur.