2013 COA 33

**The PEOPLE of the State of Colorado, Appellee,**

v.

**Parag Madhusudan SHETH, Petitioner–Appellant.**

**No. 12CA0368**

Colorado Court of Appeals, Div. II.

Announced March 14, 2013

Rehearing Denied April 25, 2013

Adams County District Court, No. 11CV1058, Honorable C. Scott Crabtree, Judge

Feldmann Nagel, LLC, Jeffery L. Weeden, Denver, Colorado, for Petitioner–Appellant

No Appearance for Appellee

Opinion by JUDGE MILLER

¶ 1 In this declaratory judgment action, petitioner, Parag Madhusudan Sheth, appeals the district court's judgment denying his request for equitable relief to discontinue the requirement that he register as a sex offender. He contends that the district court erred in construing the Colorado Sex Offender Registration Act, sections 16–22–101 to –115, C.R.S.2012 (the Act), to require a mandatory minimum period for registration and asserts that his registration duties, as a condition of probation, terminated when his probation terminated. We affirm.

## I. Background

¶ 2 In 2008, petitioner pleaded guilty to criminal attempt to commit Internet sexual exploitation of a child, Ch. 362, sec. 5, § 18–3–405.4, 2006 Colo. Sess. Laws 2056. The offense was a class 5 felony. *See* § 18–2–101(4), C.R.S.2012. He was sentenced to thirty-six months of probation, which included a number of conditions, such as undergoing sex offender treatment and refraining from all contact with minors. He was also required to register as a sex offender pursuant to the Act.

¶ 3 In 2011, the district court reduced petitioner's probationary sentence to two years,

§ 24–51–1105, C.R.S.2013.

and his probation therefore ended as a matter of law on that date.

¶ 4 Petitioner then filed a C.R.C.P. 57 action seeking a declaratory judgment determining that his registration duties terminated when his probation terminated. In a well-reasoned order, the district court determined the issue and denied the relief sought. The court concluded that section 16–22–113, C.R.S.2012, sets forth the conditions for allowing a person convicted of a class 4, 5, or 6 felony to seek termination of his or her registration duties. Among those conditions is the requirement that the person wait at least ten years after final release from the jurisdiction of the court for the offense triggering the registration duties before petitioning the court for termination of those duties. The court reasoned that the statutory language was unambiguous and found no exception to the ten-year waiting period requirement that would permit petitioner to be removed within that period, even upon the completion of his probation.

## II. Petitioner's Claim

¶ 5 Petitioner argues that the district court erred in denying his request for equitable relief removing him from the Act's registration requirement. Specifically, he contends that the court's decision erroneously imputes a mandatory minimum requirement to the Act, contrary to the General Assembly's intent. Instead, he asserts, it was within the sentencing court's discretion to set the length of time that petitioner was required to register, pursuant to the court's sentencing authority, and therefore his registration duties terminated when his probation terminated. We disagree.

### A. Standard of Review

¶ 6 Petitioner's claim involves matters of statutory interpretation. Therefore, we review the trial court's decision de novo. *People v. Perry*, 252 P.3d 45, 48 (Colo.App.2010) (citing *Bostelman v. People*, 162 P.3d 686, 689 (Colo.2007)). In doing so, our primary responsibility is to give effect to the legislature's intent and purpose in enacting the statute. *Id.* We read the statute as a whole and construe each provision consistently and

harmoniously with the overall statutory design. *Id.* If the statute is unambiguous, we give effect to the ordinary meaning of the language. *Id.*

### B. Law and Analysis

¶ 7 Sex offenders in Colorado are required to register pursuant to the Act. § 16–22–103, C.R.S.2012; *see also* *People v. Carbajal*, 2012 COA 107, ¶ 37, 312 P.3d 1183. Registration duties are not an element of a defendant's sentence. *Carbajal*, ¶ 37. The purpose of registration "is not to punish the defendant, but to protect the community and to aid law enforcement officials in investigating future sex crimes." *Id.*; *see also* *Dubois v. Abrahamson*, 214 P.3d 586, 588 (Colo.App. 2009) (citing *People in Interest of C.B.B.*, 75 P.3d 1148, 1149 (Colo.App.2003)). Specifically, the General Assembly found that "the public must have access to information concerning persons convicted of offenses involving unlawful sexual behavior ... to allow them to adequately protect themselves and their children from these persons." § 16–22–112(1), C.R.S.2012. The information obtained from registrants is not intended to "be used to inflict retribution or additional punishment." *Id.*; *see also* *Mayo v. People*, 181 P.3d 1207, 1212 (Colo.App.2008). Failing to comply with the Act's registration requirements is a class 6 felony. § 18–3–412.5, C.R.S.2012.

¶ 8 A person required to register may file a petition to discontinue registration requirements. Section 16–22–113 provides in pertinent part:

(1) [A]ny person required to register pursuant to section 16–22–103... may file a petition with the court that issued the order of judgment for the conviction that requires the person to register for an order to discontinue the requirement for such registration ... as follows:

. . .

(b) [I]f the offense that required such person to register constituted or would constitute a class 4, 5, or 6 felony ..., after a period of ten years from the date of such person's ... final release from the jurisdiction of the court for such offense ....

¶ 9 The Act required petitioner to register because he was convicted of a class 5 felony involving unlawful sexual behavior. *See* § 16–22–103(2)(a), C.R.S.2012; § 16–22–102(9)(y), C.R.S.2012 ("unlawful sexual behavior" includes attempt to commit Internet sexual exploitation of a child). In addition, one of the many conditions of his probation was that he register under the Act. Thus, any failure to register during his term of probation would have triggered two sets of consequences: (1) he would have committed the offense of failure to register as a sex offender under section 18–3–412.5(1)(a), and (2) he would have violated a condition of his probation, thereby exposing himself to revocation of probation and possible incarceration. The first set of consequences arises from a statutory requirement that was not an element of his sentence and thus did not terminate simply because his probation terminated. Another condition of petitioner's probation required that he refrain from violating federal, state, and local laws; his obligation to comply with those laws similarly survives the termination of his probation.

¶ 10 The language of section 16–22–113(1)(b) is unambiguous: an individual convicted of a class 4, 5, or 6 felony, like petitioner, must wait at least ten years after the termination of his final release from the jurisdiction of the court for such offense before seeking to discontinue his registration duties. Like the district court, we perceive no exceptions to this requirement. Our interpretation is consistent with the legislature's intent not to impose registration duties as punitive measures, but to provide information to and protect the public from individuals convicted of offenses outlined in the Act.

¶ 11 The judgment is affirmed.

JUDGE CASEBOLT and JUDGE NAVARRO concur.