Opinion by JUDGE NAVARRO
¶ 1 The prosecution appeals the district court's orders in three El Paso County cases in which the court granted Charles Alexander Robertson's requests to seal criminal records. We consolidated the cases for purposes of appeal.
¶ 2 We address a novel question: Where a statute prohibits a court from sealing criminal records until ten years have passed since the disposition of the criminal proceedings, may the parties waive this requirement and thereby authorize the court to seal the records earlier? Our answer is "no." As a result, we vacate the orders in case numbers 16CV30755 and 16CV30753. Additionally, because the existing record is not sufficient to support the order in case number 16CV30754, we reverse that order and remand that case for further proceedings.
I. Factual and Procedural History
¶ 3 In 2014, Robertson was charged in three separate cases with
(1) misdemeanor menacing (case number 14CR4601); (2) consumption of marijuana and possession of drug paraphernalia (case number 14M6691); and (3) consumption and possession of alcohol by a person under twenty-one (case number 14M6040). The prosecution offered Robertson a global plea agreement to resolve all three cases. Under the agreement, he would plead guilty to the menacing charge and receive a deferred judgment lasting one year. The drug and alcohol cases would be dismissed. The agreement also specified that he could seal the records of all three cases. A boilerplate clause waiving his right to seal the menacing case was crossed out and, under each clause dismissing the drug and alcohol cases, the prosecutor handwrote, "The Defendant can petition to seal this case," followed by the prosecutor's initials.
¶ 4 Robertson accepted the agreement and pleaded guilty to the menacing charge. The district court accepted his plea and the deferred judgment in the menacing case, and the court dismissed the other cases.
*1280 ¶ 5 After Robertson completed the deferred judgment in the menacing case, his guilty plea was withdrawn, and the case was dismissed. He then petitioned to seal the records in all three cases under section 24-72-702, C.R.S. 2016.[1]
¶ 6 The district court, through its magistrate, held a hearing. Robertson did not testify, but the prosecutor who drafted the plea agreement did testify (though she had left the district attorney's office by that time). The former prosecutor explained that she had intended the agreement to permit Robertson to seek sealing of the records in all three cases upon his completion of the deferred judgment in the menacing case. The court credited her testimony and ultimately found that the harm to Robertson from not sealing the records outweighed the public interest in keeping the records open. The court thus granted his petitions to seal the records in all three cases.
II. The Drug and Alcohol Cases
¶ 7 Robertson's drug and alcohol cases-case numbers 14M6691 and 14M6040-were dismissed under the global plea agreement.[2] The prosecution contends that the district court could not grant Robertson's petitions to seal the records in those cases because section 24-72-702(1)(a)(III)(A) prohibits such sealing until at least ten years have passed. Robertson acknowledges that the statute imposes a ten-year waiting period applicable to the drug and alcohol cases and that the requisite ten years had not yet elapsed at the time of his petitions. He argues, however, that the parties waived this statutory requirement in the plea agreement.
¶ 8 The prosecution denies that it intended to waive this statutory requirement. The prosecution also maintains that this requirement cannot be waived in any event. Because we agree with the prosecution's second point, we need not resolve the parties' dispute about the meaning of the plea agreement.
A. Standard of Review
¶ 9 We review for an abuse of discretion a district court's order sealing a criminal record. R.J.Z. v. People , 104 P.3d 278, 280 (Colo. App. 2004). A district court abuses its discretion if its findings and conclusions are "so manifestly against the weight of evidence in the record as to compel a contrary result," or when the court applies an inappropriate legal standard. Id. (quoting Hytken v. Wake , 68 P.3d 508, 510 (Colo. App. 2002) ).
B. Relevant Statute
¶ 10 Section 24-72-702(1)(a)(I) provides that, where a criminal case was "completely dismissed," a person may petition to seal records in that case. But this permission comes with qualifications. As relevant here, the records "may not be sealed" if the dismissal "occur[red] as part of a plea agreement in a separate case," unless (1) ten years or more have passed since the final disposition of all criminal proceedings against the person and (2) the person has not been charged for a criminal offense in those years. § 24-72-702(1)(a)(II)(B), (1)(a)(III)(A)-(B).
¶ 11 If a court determines that the petition to seal is sufficient on its face and no other grounds exist for denying the petition, the court must hold a hearing. § 24-72-702(1)(b)(II)(B). The court may then order certain records sealed if the court finds that the harm to the petitioner's privacy or other unwarranted consequences outweigh the public interest in retaining the records. Id.
C. Analysis
¶ 12 The district court decided that the parties intended to waive the ten-year waiting period imposed by section 24-72-702(1)(a)(II) -(III). The court then granted Robertson's petitions to seal. The court erred, however, because (1) the court lacked the authority to grant the petitions and (2) the parties could not confer such authority upon the court.
*1281 ¶ 13 First, because the drug and alcohol cases were dismissed as part of a plea agreement in a separate case, the statute gives a court the authority to seal the records in those cases only after ten years or more have passed. This provision is analogous to the statute discussed in People v. Sheth , 2013 COA 33, ¶ 2, 318 P.3d 533, where the defendant was sentenced to three years of probation as a sex offender. After two years, the trial court reduced the sentence to two years, which ended the defendant's probation. Id. at ¶ 3. A statute required the defendant to register as a sex offender and to wait at least ten years following termination of the court's jurisdiction over him before seeking to discontinue his registration duties. Id. at ¶ 10. The defendant argued that, when the trial court ended his probationary sentence, the court also terminated his duties to register as a sex offender. Id. at ¶ 5. A division of this court disagreed, holding that the statute unambiguously required the defendant to wait ten years before petitioning to discontinue his registration duties and the trial court lacked the discretion to discontinue those duties before then. Id. at ¶¶ 5, 10.
¶ 14 Similarly, in People v. Dinkel , 2013 COA 19, ¶ 4, 321 P.3d 569, a sex offender was convicted of a class 3 felony and sentenced to twenty years of probation. Halfway through, he moved to terminate his probation, arguing that the trial court had the authority to reduce his probation. Id. at ¶ 5. Rejecting his claim, a division of this court held that,
under the plain language of the Act, a sex offender who is convicted of a class 3 felony and sentenced to probation must receive a minimum of twenty years of probation.... Thus, the Act does not grant discretion to the district court to terminate the sex offender's probation until he or she has completed at least twenty years of the sentence.
Id. at ¶ 12.
¶ 15 As in Sheth and Dinkel , the pertinent statutory waiting period constrained the district court's authority here.
¶ 16 Second, even if the parties had agreed to waive the statutory ten-year waiting period, the court could not enforce that agreement. The parties could not grant the court the authority to seal a criminal record where the statute denies the court that authority.
¶ 17 The supreme court's analysis in Craig v. People , 986 P.2d 951 (Colo. 1999), is instructive. There, the defendant argued that the parties had waived a statutory mandatory parole period applicable to his offense. The supreme court explained, however, that neither the prosecutor nor the trial court had the authority to modify or waive the parole period imposed by the statute. Id. at 959. Naturally, then, a court could not enforce an agreement calling for the court to act contrary to the statute: "When the parties attempt to fashion a sentence that is itself contrary to law, the resulting illegality is not subject to specific enforcement." Id.
¶ 18 Robertson suggests that Craig 's reasoning should be limited to agreements that call for an illegal sentence. But we see no principled basis for such a limitation. Besides, even outside the context of an illegal sentence, the supreme court has declined to permit a trial court to enforce an agreement that exceeds the trial court's statutory authority.
¶ 19 For example, in People v. Carbajal , 198 P.3d 102, 107 (Colo. 2008), the prosecution submitted a stipulation that attempted to extend the defendant's deferred judgment period beyond the statutory maximum. See also id. at 106 (recognizing that a deferred judgment is not a sentence); People v. Anderson , 2015 COA 12, ¶¶ 14-17, 348 P.3d 491 (same). The supreme court held, however, that the parties could not legally agree to such an extension. Carbajal , 198 P.3d at 107. Consequently, "a trial court lacks authority to sanction an agreed-upon extension." Id.
¶ 20 Even so, Robertson relies on People in Interest of Lynch , 783 P.2d 848 (Colo. 1989), to argue that the parties can waive a nonjurisdictional statutory requirement. Lynch considered "deviations from the statutory requirements governing mental health certification proceedings." Id. at 851. Lynch recognized that a nonjurisdictional statutory requirement can sometimes be waived, but Lynch did not hold that a nonjurisdictional requirement is always waivable. Instead, the *1282 nature of the statutory requirement matters. Id. at 852-53.
¶ 21 As permitted by statute, the mental health patient in Lynch requested a hearing to review the decision certifying him for involuntary mental health treatment. Id. at 848. The statute provided that, if a patient requested such a hearing, the hearing must be held within ten days. But the patient in Lynch waived this requirement to allow for an extra five days. Id. at 849. At the hearing (which was held within fifteen days of the request), he argued that he should be discharged because the hearing was not held within the statutory ten-day period. Id. Our supreme court disagreed, holding that the ten-day period was "primarily for the protection of the certified person" and "[a]s long as that person properly waives the right to strict adherence to this nonjurisdictional statutory requirement, and the hearing is eventually held within the terms agreed to in the waiver, no further inquiry is necessary." Id. at 853.
¶ 22 So, the statute in Lynch did not require the district court to hold a hearing at all unless the patient requested it. Because the requirement to hold a hearing within ten days applied only if the patient triggered it and the requirement was for the patient's benefit, the patient could waive it.
¶ 23 In contrast, the statutory ten-year waiting period for sealing criminal records applies regardless of the parties' wishes. And this statutory requirement exists for the public's benefit, not only for the parties in this case. The sealing statute reflects a "broad public policy against the sealing of criminal records in situations involving a favorable disposition to the defendant under a plea agreement...." People v. Ward-Garrison , 72 P.3d 423, 425 (Colo. App. 2003). Because the statutory restrictions on sealing criminal records have a broad public purpose, the parties cannot subvert them through their agreement.[3]
¶ 24 Finally, Robertson says that the prosecution should be "estopped" from asserting the statutory waiting period for sealing criminal records. In support, he correctly observes that, as a general matter, where a defendant reasonably and detrimentally relies on the prosecution's promises in a plea agreement by performing his or her side of the bargain, due process requires the enforcement of the plea agreement. See People v. McCormick , 859 P.2d 846, 856 (Colo. 1993). We understand Robertson's view that applying the waiting period here would be unfair to him, but the principle discussed in McCormick does not permit a court to enforce an agreement calling for the court to take actions beyond its authority, as Craig makes clear. While the parties may stipulate as to how a court should act within the scope of its authority, the parties cannot enlarge the court's authority.[4]
¶ 25 Because the district court lacked the authority to seal the criminal records in the drug and alcohol cases, we vacate the court's orders in those cases.
III. The Menacing Case
¶ 26 The records in the menacing case-case number 14CR4601-were eligible for sealing because that case was completely dismissed after Robertson completed the deferred judgment, not as part of a plea agreement in a separate case. See § 24-72-702(1)(a)(I).[5] Still, the prosecution contends that the district court erred in granting Robertson's petition to seal the records because the court improperly weighed the harm to *1283 Robertson against the public interest in keeping the records unsealed.
¶ 27 We reverse the court's order and remand with directions because we conclude that further proceedings are necessary.
¶ 28 As noted, if the district court finds a petition to seal sufficient on its face, the court orders a hearing. § 24-72-702(1)(b)(II)(B). "[I]f the court finds that the harm to the privacy of the petitioner or dangers of unwarranted adverse consequences to the petitioner outweigh the public interest in retaining the records, the court may order such records, except basic identification information, to be sealed." Id.
¶ 29 At the hearing here, Robertson's counsel argued that, due to his criminal records, Robertson "has only been able to get into community colleges" and "cannot apply for the university track ... in the University of Texas system." Robertson's counsel also suggested that his criminal records impaired his ability to gain employment. Robertson did not testify, nor did he present any other testimony or documentation to support his counsel's argument that the criminal records had harmed him. The prosecution argued that, without some evidence, it would be "conjecture" to presume that Robertson's criminal records alone prevented him from being admitted to the University of Texas or gaining employment.
¶ 30 The court agreed with Robertson and sealed the records:
The Court has considered the argument and I'm going to find that there's been a showing of actual harm that outweighs the public's interest in the case remaining open based upon the fact that [Robertson] is limited to attending community college only and has been turned down for attendance in the University of Texas system solely because of these cases.
¶ 31 For three reasons, we cannot uphold the district court's decision on the record before us.
¶ 32 First, the district court considered the impact of the records of all three cases collectively. As discussed, the records in the drug and alcohol cases could not yet be sealed and thus should not have played a role in the court's analysis.
¶ 33 Second, the district court did not discuss any of the factors relevant to the statutory balancing test. In weighing the harm to the petitioner against the public interest, a court must consider the following: the severity of the offense sought to be sealed, the time elapsed since the dismissal of the case, the subsequent criminal history of the petitioner, and the need for the government agency to retain the record. See R.J.Z. , 104 P.3d at 280. "These factors must be weighed and the trial court's findings should reflect adequately such consideration." D.W.M. v. Dist. Court , 751 P.2d 74, 75 (Colo. App. 1988).
¶ 34 When applying the balancing test, a court may also consider: the strength of the government's case against the petitioner, the petitioner's age and employment history, and the specific adverse consequences the petitioner might suffer if the records were not sealed. R.J.Z. , 104 P.3d at 280. The district court's findings in this case do not reflect adequate consideration of the pertinent factors.[6]
¶ 35 Third, Robertson did not present evidence of harm to his privacy or the dangers of unwarranted adverse consequences from his criminal records. His counsel offered arguments on these points, but "[t]he arguments of counsel, of course, are not evidence." City of Fountain v. Gast , 904 P.2d 478, 482 n.5 (Colo. 1995). So, the district court's decision cannot stand. See R.J.Z. , 104 P.3d at 281 (Where the trial court relied *1284 solely on the prosecution's statement that it was "conducting further investigation" into petitioner's subsequent criminal record, the court of appeals found "insufficient evidence presented to support a conclusion that petitioner's 'subsequent criminal history' supported denial of the petition to seal the records.").
¶ 36 We reverse the district court's order sealing the records in the menacing case and remand that case for a new hearing and for the court's reconsideration of the petition in light of the new hearing and the points discussed herein.
IV. Conclusion
¶ 37 We vacate the orders in the drug and alcohol cases (case numbers 16CV30755 and 16CV30753). We reverse the order in the menacing case (case number 16CV30754), and we remand that case for further proceedings as outlined in this opinion.
Ashby and Carparelli* , JJ., concur

The General Assembly amended the statute in 2017, after the events in this case. We consider the statute in effect before the amendment.

Civil case number 16CV30755, on appeal before us, relates to Robertson's request to seal records in the drug case (14M6691). Civil case number 16CV30753 relates to the alcohol case (14M6040).

Conversely, because a defendant's statutory right to request the sealing of criminal records exists for the defendant's benefit, and "public policy favors the enforcement of [the] defendant's express waiver" of that right, a defendant may validly waive the right to petition to seal criminal records. People v. Ward-Garrison , 72 P.3d 423, 425 (Colo. App. 2003).

Instead, where a defendant enters into a plea agreement that includes an illegal promise as an integral element, the appropriate remedy would be to allow the defendant to withdraw the guilty plea. Craig v. People , 986 P.2d 951, 959 (Colo. 1999). Robertson, however, has not filed a motion to withdraw his guilty plea in his criminal case. We express no opinion on the propriety of such a motion or whether he would be entitled to relief under such a motion.

Robertson's request to seal records in the menacing case (14CR4601) is at issue in civil case number 16CV30754.

The prosecution argues on appeal that a proper balancing of these various factors requires a court to deny Robertson's petition to seal. Robertson responds that the prosecution did not preserve its arguments as to some factors. We need not resolve this dispute because we do not decide whether the prosecution's balancing is appropriate. Instead, we remand to allow the district court to consider, in the first instance, how the relevant factors bear upon Robertson's petition to seal the menacing case alone. Cf. McLane Co. v. Equal Emp't Opportunity Comm'n , 581 U.S. ----, ----, 137 S.Ct. 1159, 1170, 197 L.Ed.2d 500 (2017) ("[W]e are a court of review, not of first view....") (citation omitted).

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2017.