24CA1496 Peo v Jefferson 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1496
El Paso County District Court No. 04CR542
Honorable Robin Chittum, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Demetrius Lamont Jefferson,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE MOULTRIE
J. Jones and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Demetrius Lamont Jefferson, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Demetrius Lamont Jefferson, appeals the district court's order denying his motion to seal the records from his criminal case. We affirm.

¶ 2     In 2004, Jefferson pleaded guilty to attempted sexual assault on a child in exchange for the dismissal of another charge and a stipulated four-year deferred judgment and sentence (DJS). In 2008, Jefferson successfully completed his DJS, and the district court permitted him to withdraw his guilty plea and dismissed the case.

¶ 3     In 2024, Jefferson filed a motion to seal the records of his case. The court denied the motion, finding that Jefferson waived his right to seal the records of his case as a term of his plea agreement and that the court was not authorized to seal the records pursuant to section 24-72-703(12)(d)(II), C.R.S. 2024. We conclude that the court correctly denied the motion.

¶ 4     First, as part of the parties' Stipulation for Deferred Judgment and Sentence, Jefferson agreed to the following provision:

> Even though this case may be dismissed by the [c]ourt without a formal conviction, as discussed above, I admit that I have in fact committed a felony crime. I therefore agree that a clear public interest exists in providing

1

law-enforcement agencies with permanent, open access to police reports, arrest records, court and district attorney files, and any other criminal justice records relating to my case. Accordingly, as part of this stipulation, I agree to give up any future right I may have, whether provided by [section] 24-72-308[, C.R.S. 2004,] or by any other law, to request that these records be sealed, or to have the court order such sealing.

Such a waiver provision is enforceable. *See Walker-Lawrence v. Dist. Ct.*, 74 P.3d 521, 522-23 (Colo. App. 2003); *People v. Ward-Garrison*, 72 P.3d 423, 424-25 (Colo. App. 2003); *see also People v. Di Asio*, 2022 COA 140, ¶¶ 1, 11, 26 (the 2019 amendment to section 24-72-703(11), which prohibits requiring a defendant to waive future sealing of records as part of a plea agreement, applies prospectively from its effective date of August 2, 2019).

¶ 5    Additionally, the court did not have statutory authorization to seal the records of Jefferson's case because it involved unlawful sexual behavior. *See* § 24-72-703(12)(d)(II) (Sealing is not available for "[r]ecords pertaining to a deferred judgment and sentence for a felony offense for [which] the factual basis involved in unlawful sexual behavior as defined in section 16-22-102(9)[, C.R.S. 2024]."); § 16-22-102(9)(d) (unlawful sexual behavior is defined as, among

other things, attempted sexual assault on a child); *see also*

§ 24-72-308(3)(c), C.R.S. 2004 (Sealing of records is not applicable

"to records pertaining to a conviction of an offense for which the

factual basis involved unlawful sexual behavior, as defined in

section 16-22-102(9)."); *M.T. v. People*, 2012 CO 11, ¶¶ 1, 9, 19-20,

22 (the term "conviction" for purposes of section 24-72-308(3)(c),

C.R.S. 2004, includes a successfully completed and dismissed

deferred judgment).[1]

¶ 6        Accordingly, the order is affirmed.

JUDGE J. JONES and JUSTICE MARTINEZ concur.

---

[1] In his opening brief, Jefferson generally references concerns related to constitutional privacy rights.  Because this argument was not sufficiently developed, we decline to address it.  *See People v. Houser*, 2020 COA 128, ¶ 24.  Further, in his reply brief, Jefferson requests the expungement, rather than the sealing, of his records. There is a difference between these avenues of relief.  *See People v. Connors*, 230 P.3d 1265, 1269 (Colo. App. 2010); *People v. Wright*, 598 P.2d 157, 158 (Colo. App. 1979).  But, because this argument was not sufficiently developed and was first raised in a reply brief, we decline to consider it.  *See Houser*, ¶ 24; *see also People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).