**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Gary Lynn WHITTLE, Defendant-Appellant.**

**No. 78–1224.**

Colorado Court of Appeals, Div. II.

April 9, 1981.

J. D. MacFarlane, Atty. Gen., John B. Ciccolella, Designated Counsel, Colorado Springs, for plaintiff-appellee.

Wilder, Wells & Elliott, Douglas H. Brown, Colorado Springs, for defendant-appellant.

BERMAN, Judge.

Defendant appeals from a trial court order which denied his petition to seal arrest and criminal records. We affirm.

The record reveals that on June 24, 1978, law enforcement officers had occasion to enter the Manitou Springs, Colorado, residence occupied jointly by defendant and one Stephen Leonard Rose. The officers searched the premises, and discovered evidence which led to the filing, on June 28, 1978, of criminal charges against defendant and Rose. On July 20, 1978, however, the charges were dismissed as to defendant pursuant to the prosecution's request for a nolle prosequi order.

On the same date, the trial court, pursuant to § 24–72–308(1.2)(a), C.R.S.1973 (1980 Cum.Supp.), entered an order limiting access to the arrest and criminal records generated by this case. On September 27, 1978, defendant petitioned the trial court to take the further step of sealing such records. Defendant alleged that he had no prior criminal record; that he intended to

apply for college loans, a passport, and a home mortgage; and that such applications could be jeopardized were his records not sealed. He further argued that any future arrests could result in the records being made available to law enforcement officers, and that his right to privacy could thereby be violated. Defendant's petition was denied.

On appeal, defendant argues that the trial court erred in denying the petition in question. We disagree.

The controlling statutory provision is § 24–72–308(3)(a), C.R.S.1973 (1980 Cum. Supp.), which reads as follows:

"Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records."

The question on this appeal, therefore, is whether the trial court acted in conformity with the quoted provision when it denied defendant's petition.

In contending that the trial court erred in denying his petition, defendant asserts that "the trial court did not balance the equities, or weigh the interests of the Defendant and the People in sealing the records." However, the trial court expressly concluded that the public interest in retaining the records outweighed the defendant's right to the sealing of them, "particularly in light of the prior order entered by this Court limiting access of the defendant's criminal justice records to criminal justice agencies."

Furthermore, the trial court rejected defendant's contention that *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972), mandated a sealing order. In doing so, the court, citing *People v. Lichtenwalter*, 184 Colo. 340, 520 P.2d 583 (1974), correctly observed that "where the underlying facts are such to establish culpability as they are in this case, reliance on *Davidson* for a sealing order is misplaced."

Hence, contrary to defendant's contention, the trial court engaged in the very weighing of competing public and individual interests which § 24–72–308(3)(a) requires. Further, the record amply supports the conclusion the court reached as a result of such a weighing of interests. In thus complying with the statute, the court also acted in accord with *Davidson, supra,* for § 24–72–308(3)(a) is, in essence, a codification of the rule of that case. *See generally People v. Wright*, Colo.App., 598 P.2d 157 (1979).

In conclusion, we hold that the court acted within its discretion in entering an order limiting access to, but not sealing, the records here involved. Accordingly, the order is affirmed.

SMITH and VAN CISE, JJ., concur.