**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Richard BUSHU, Defendant–Appellant.**

No. 93CA0988.

Colorado Court of Appeals, Div. IV.

May 5, 1994.

child, aggravated incest, and crime of violence. All counts arose from incidents allegedly occurring in 1983 and 1984 involving petitioner's daughter. These charges were filed in October 1991; in November 1992, a jury found petitioner not guilty on all counts.

Two months later, petitioner filed a petition to seal his criminal records from the above case pursuant to § 24–72–308. After a hearing, the district court denied the motion to seal.

Section 24–72–308(1), C.R.S. (1988 Repl. Vol. 10B) allows any person in interest to petition the district court for the purpose of sealing that person's criminal records. A petition may be filed to seal records of a criminal offense for which the person was not charged, in any case which was completely dismissed, or in any case in which the person was acquitted. Section 24–72–308(1)(a), C.R.S. (1988 Repl.Vol. 10B).

Under this statute, the district court is to conduct a hearing to determine whether "the privacy of the petitioner or dangers of unwarranted adverse consequences to the petitioner outweigh the public interest in retaining the records...." Section 24–72–308(1)(c), C.R.S. (1988 Repl.Vol. 10B).

■ A district court must balance the competing interests in determining whether criminal records should be sealed. A court's decision in this regard will not be overturned absent an abuse of discretion. *See People v. Whittle,* 628 P.2d 169 (Colo.App.1981).

Here, the record indicates the trial court considered the fact that petitioner was acquitted. Additionally, the district court took judicial notice of petitioner's affidavit in support of sealing criminal records which revealed a 1984 deferred judgment for child abuse. Petitioner's affidavit, although stating that he was presently employed, also asserted problems with future employers having access to his criminal record.

In regard to a request to seal records of a prior arrest and conviction, this court in *D.W.M. v. District Court,* 751 P.2d 74 (Colo. App.1988) set out factors that must be considered in balancing the harm to the petitioner against the public interest: the severity of the offense, the time lapsed since the convic-

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie Rottersman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard M. Crane, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Petitioner, Richard Bushu, appeals the denial of his petition to seal his criminal records pursuant to § 24–72–308, C.R.S. (1988 Repl. Vol. 10B). We vacate the order and remand.

Petitioner was charged with twelve felony counts, including charges of first and second degree sexual assault, sexual assault on a

tion, the subsequent criminal history of the petitioner, and the need for the government agency to retain the records. "These factors must be weighed and the trial court's findings should reflect adequately such consideration." *D.W.M. v. District Court, supra,* 751 P.2d at 75.

In *D.W.M.,* the petitioner requested the court to seal records of a prior arrest and conviction. Here, in contrast, petitioner requested the district court to seal his criminal records concerning an acquittal, and accordingly, he contends the district court erroneously relied on the *D.W.M.* holding. We conclude that the D.W.M. factors are applicable here.

The *D.W.M.* case was decided under The Criminal Justice Act of 1977, Colo.Sess.Laws 1977, ch. 340, § 24–72–308 at 1249, which permitted a court to seal criminal records, including conviction records, upon petition and hearing. However, the 1977 statute was repealed and reenacted in 1988, narrowing the categories of persons eligible for sealing of criminal records to persons who were not charged, persons whose charges were dismissed, or persons who were acquitted. *See* Colo.Sess.Laws 1988, ch. 190 at 980; *see also People v. D.K.B.,* 843 P.2d 1326 (Colo.1993). Persons convicted of a criminal offense can no longer petition the court to seal their records.

■ Given the legislative directive retained in the 1988 repeal and reenactment of § 24–72–308, which requires district courts to balance the interests of the petitioner and the public, we conclude that factors announced in *D.W.M.* continue to be relevant and applicable to the issue of sealing criminal records, irrespective of the ultimate disposition of the criminal charges.

Other courts in balancing the individual harm against the public interest have considered the strength of the government's case against the petitioner; the petitioner's age and employment history; the specific adverse consequences the petitioner may suffer if the records are not sealed, for example, the social stigma involved in an arrest record, the likelihood of increased police scrutiny in later investigations, the use of records by judges in making decisions regarding sentencing, granting bail, or release pending appeal, and the effect of an arrest record in seeking employment. *See Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981); *Menard v. Saxbe,* 498 F.2d 1017 (D.C.Cir. 1974). We conclude that these factors, in addition to those factors enumerated in *D.W.M.,* may be considered in applying the balancing test.

■ These factors are not meant to be all-inclusive. A trial court in applying the balancing test required by § 24–72–308(1) may consider specific factors on a case-by-case basis, and the record should reflect the factors considered.

Not having the benefit of our present decision, the district court did not apply the above factors. Under these circumstances, we find it necessary to remand this case so that the district court can address the appropriate factors.

Accordingly, the order is vacated and this matter is remanded for further proceedings consistent with the views expressed herein.

MARQUEZ and ROTHENBERG, JJ., concur.