In re Petition of **T.L.M.**, Petitioner–Appellant,

and Concerning **Boulder County Department of Social Services,** Respondent–Appellee.

No. 00CA2201.

Colorado Court of Appeals, Div. I.

Nov. 23, 2001.

Mertes & Strauss, LLP, Lawrence S. Mertes, Derek M. Strauss, Robert J. Simpson, Boulder, CO, for Petitioner–Appellant.

H. Lawrence Hoyt, County Attorney, Toni Jo Gray, Assistant County Attorney, Boulder, CO, for Respondent–Appellee.

Opinion by Judge METZGER.

Petitioner, T.L.M., appeals that portion of the district court's order that partially denied her petition pursuant to § 24–72–308, C.R.S. 2001, to seal her arrest records and criminal justice information (the records). While it granted petitioner's request to seal the records kept by all other custodians, the court denied her request to seal the copies of such records contained in the files kept by the Boulder County Department of Social Services (BCDSS). We reverse and remand the case for entry of an order sealing the records pertaining to petitioner in the custody of BCDSS.

The relevant facts are not in dispute. Petitioner was arrested and charged with two misdemeanor counts of child abuse based on her having attempted suicide without making arrangements for the care of her two young children. The BCDSS also conducted its own child abuse investigation resulting from this incident. Copies of an "arrest report" and a "field report" from the police department concerning this incident are contained

in the BCDSS files. The criminal charges were eventually dismissed.

Petitioner thereafter brought this action pursuant to § 24–72–308, seeking an order sealing the records regarding the dismissed charges, including the foregoing police reports. The BCDSS was the only entity to oppose petitioner's action. Although BCDSS acknowledged that the police reports are contained in its files and constitute criminal justice records that could be ordered sealed, it asked the court to deny petitioner's request as to any records in its possession.

At the hearing on the petition, petitioner emphasized that, with regard to the BCDSS, she was not seeking the sealing of all of the BCDSS files or anything generated by the BCDSS; instead, she sought only that the police reports contained in BCDSS files be sealed. The BCDSS again conceded that the police reports are criminal justice records, but continued to oppose petitioner's request.

The court denied petitioner's request and ordered that all of the records pertaining to her in the BCDSS files were to remain unsealed. However, the court granted petitioner's requests to seal in all other respects and ordered the sealing of the documents, including the police reports, as to all other custodians of such records.

We agree with petitioner that the court's refusal to seal the police reports contained in the BCDSS files was error.

It is undisputed that petitioner was statutorily authorized and eligible to seek the sealing of all of the arrest and criminal records information pertaining to her in view of the dismissal of the criminal charges against her. See § 24–72–308(1)(a), C.R.S.2001.

Under § 24–72–308(1)(b), C.R.S.2001, a petition to seal criminal records must include a listing of each custodian of the records to whom any sealing order may be directed, and such parties must be given notice of the hearing on the petition.

The issue for the court to determine at the hearing is whether "the harm to the privacy of the petitioner or dangers of unwarranted adverse consequences to the petitioner outweigh the public interest in retaining the records." Upon such a finding, the court may order such records to be sealed. Section 24–72–308(1)(c), C.R.S.2001.

■ Thus, the court must balance the competing interests in determining whether criminal records should be sealed, and its decision in this regard may not be overturned on appeal absent an abuse of that discretion. See People v. Bushu, 876 P.2d 106 (Colo.App.1994). Nevertheless, any sealing order entered pursuant to these provisions "shall be directed to every custodian" having custody of any part of the records to be sealed. Section 24–72–308(1)(c) (emphasis added).

■ Here, regardless whether the BCDSS is itself a "criminal justice agency" for purposes of the sealing statute, the police reports at issue here constitute "criminal justice records" that were made by another criminal justice agency. See § 24–72–302(3), (4), C.R.S.2001. Moreover, by keeping copies of the police reports in its custody as part of its files, the BCDSS became a "custodian" of such criminal justice records. See § 24–72–302(5), (8), C.R.S.2001.

In ordering that the police reports be sealed by all custodians except the BCDSS, the court made a finding expressly weighing the competing interests in favor of petitioner in accordance with the statutory standard. We perceive no abuse of discretion in that determination. See People v. Bushu, supra.

However, once that determination was made, § 24–72–308(1)(c) requires the order to be directed to every custodian having custody of any of the records to be sealed. By definition, the BCDSS was such a custodian. See also S.P. v. Dallas County Child Welfare Unit, 577 S.W.2d 385 (Tex.Civ.App.1979)(party's statutory entitlement to expunction of all records pertaining to arrest for child abuse extended to police reports in possession of child welfare agencies, although the investigative records of those agencies themselves were not subject to expunction).

In addition, even if § 24–72–308(1)(c) authorized the sealing of certain records when possessed by certain custodians while permitting the same records to remain unsealed when possessed by other custodians, we find

no support in the record for the court's ruling.

Here, the BCDSS acknowledged at the hearing that the sealing of the police reports contained in its files would not be a problem and would not impair its ability to provide any services if its own investigative files were sufficiently complete without the police reports. The court also denied petitioner's request that it review the BCDSS files and make a determination whether they were sufficiently complete without the police reports. Based on our review of the BCDSS files, however, we conclude that, even without the police reports at issue, the BCDSS records in this case are sufficient to satisfy the concerns it raised at the hearing.

 Finally, we also reject BCDSS's argument that the sealing provisions of § 24–72–308 do not apply to any records in its possession because other statutory provisions in the Colorado Children's Code provide the exclusive method for sealing any of its records.

Section 19–3–313(7)(a), C.R.S.2001 sets forth a procedural scheme under which a party may seek the sealing or expungement of child abuse records maintained by the state central registry of child protection. Under § 19–3–313(9), C.R.S.2001, a county department of social services is required, upon receipt of notice of any such sealing or expungement, to take similar action regarding such information in its files.

We perceive no irreconcilable conflict or inconsistency between these provisions and the sealing provisions of § 24–72–308; because they deal with the same subject, all of these provisions should be given effect. *See Bynum v. Kautzky*, 784 P.2d 735 (Colo.1989).

We find no basis under either statutory scheme for exempting criminal records held by the BCDSS from the application of the sealing provisions of § 24–72–308. Rather, we conclude that those provisions apply to the police reports in the possession of the BCDSS, but do not apply to its own investigative records or to the remainder of its files. *See S.P. v. Dallas County Child Welfare Unit, supra.*

In view of this disposition of the issues, we need not address petitioner's remaining contentions.

The portion of the order denying petitioner's request to seal the police reports contained in the BCDSS files is reversed, and the case is remanded to the district court with directions to enter an order sealing such records.

Judge NEY and Judge TAUBMAN concur.