granting summary judgment on that claim. We disagree.

 To prevail on a claim for negligent misrepresentation against Land Title, SPA was required to prove that (1) Land Title supplied false information in a business transaction; (2) it failed to exercise reasonable care or competence in obtaining or communicating that information; and (3) SPA justifiably relied upon the false information. *Bedard*, 100 P.3d at 592.

Here, pursuant to the contract for the sale of Lot 5R, Land Title issued a commitment to insure the title and after the closing, it issued a title insurance policy to the Campbells. The Campbells contacted Land Title when they discovered they lacked access to the property, and SPA also filed a third-party action against Land Title, alleging that it was liable to SPA based upon the title insurance commitment.

In *Jimerson v. First American Title Insurance Co.*, 989 P.2d 258 (Colo.App.1999), a division of this court held that a title insurer owes no contractual obligation to a vendor of real property by virtue of the title commitment or title insurance policy issued to the buyer. Because there is no contractual arrangement between the vendor and title insurer, a vendor may not enforce obligations established by the title commitment and claim negligence in the title insurer's performance. The division stated:

> Under seller's allegations, it is clear that he had assumed the obligation to convey good title to the buyer before the title commitment was issued by the title company. His later conveyance by warranty deed was simply the fulfillment of his previously assumed obligation....

*Id.* at 261.

Relying on *Jimerson*, the trial court here concluded there was no genuine issue of material fact in this case:

> SPA assumed the obligation to provide access to the property before any representations to that effect could have possibly been offered by [Land Title]. Consequently, the Court concludes as a matter of law that SPA cannot prove it justifiably relied on any information, which might

have been provided by [Land Title] regarding access to Lot 5R.

We agree that *Jimerson* is dispositive, and that SPA could not have relied upon the title commitment because it assumed the obligation to convey good title to the Campbells before the title commitment was issued by the title company. Accordingly, the trial court did not err in granting summary judgment on the negligent misrepresentation claim in favor of Land Title.

The portion of the judgment finding that SPA breached the contract and warranty with the Campbells is reversed, as is the award of damages, attorney fees, interest, and costs. The remainder of the judgment is affirmed.

Judge CASEBOLT and Judge ROMÁN concur.

Cheryl WARREN, Petitioner–Appellee,

v.

The PEOPLE of the State of Colorado, Respondent–Appellant.

No. 06CA1577.

Colorado Court of Appeals, Div. IV.

Feb. 21, 2008.

Rehearing Denied April 17, 2008.

Certiorari Denied Sept. 2, 2008.

Tegtmeier Law Firm, P.C., Richard Tegtmeier, Richard Bednarski, Colorado Springs, Colorado, for Petitioner–Appellee.

John R. Newsome, District Attorney, Jayne Candea–Ramsey, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, for Respondent–Appellant.

Opinion by Judge WEBB.

The district attorney appeals the order granting the request of petitioner, Cheryl Warren, to seal her arrest and criminal records. We reverse and remand for further proceedings.

Petitioner brought this action under section 24–72–308, C.R.S.2007, to seal arrest and criminal records from a district court felony case that had been dismissed with prejudice, but refiled as a misdemeanor case in county court. She alleged that the interests of justice would be served by granting the petition because the harm to her privacy and the danger of adverse consequences outweighed any public interest in access to the records.

As relevant here, the district attorney responded that the district court case had been dismissed so that it could be prosecuted in county court as a misdemeanor. According to the district attorney, because the case had not been completely dismissed for purposes of section 24–72–308, the records were not eligible for sealing.

Following a hearing, the trial court ruled from the bench and granted the petition based on the dismissal of the felony case. Later, the court entered a written order which found that the harm to petitioner's privacy interest and the danger of unwarranted adverse consequences outweighed any public interest in access to the records.

I.

Initially, we reject petitioner's contention that the appeal is moot because the misdemeanor case has since been dismissed by the county court.

We will not consider and rule on the merits of an appeal when the issues presented have become moot. A case is moot when a judgment, if rendered, would have no practical legal effect on an existing controversy. *See Campbell v. Meyer,* 883 P.2d 617, 618 (Colo.App.1994).

The parties agree that the county court dismissed the misdemeanor case without prejudice. But the district attorney asserts that because the statute of limitations has not run, the case could be refiled in county court. While we decline to decide the statute of limitations issue, we conclude that the appeal is not moot.

## II.

■ The district attorney contends the trial court erred in sealing petitioner's arrest and criminal records. We agree.

Section 24–72–308(1)(a)(I) provides, in pertinent part:

[A]ny person in interest may petition the district court of the district in which any arrest and criminal records information pertaining to said person in interest is located for the sealing of all of said records, except basic identification information, if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, *in any case which was completely dismissed,* or in any case in which said person in interest was acquitted.

(Emphasis added.)

The parties agree that the misdemeanor case was based on the same underlying conduct as the dismissed felony case. At the time of the hearing, the misdemeanor case was set for a jury trial. The only apparent differences between the two cases were the charges and potential punishment that petitioner faced. Under these circumstances, we conclude that the felony case had not been "completely dismissed" for purposes of section 24–72–308(1)(a)(I).

■ Statutory interpretation is a question of law we review de novo. *Klinger v. Adams County Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo.2006). We look first to the plain language of the statute, giving words and phrases their plain and ordinary meaning, and we interpret the statute in a way that best effectuates the purpose of the legislative scheme. *Harding v. Heritage Health Prods. Co.,* 98 P.3d 945, 947 (Colo.App.2004). But we avoid a construction that would lead to an absurd result. *Tuscany, LLC v. West-*

*ern States Excavating Pipe & Boring, LLC,* 128 P.3d 274, 277 (Colo.App.2005). We also construe the statute as a whole to give consistent, harmonious, and sensible effect to all its parts. *Davison v. Indus. Claim Appeals Office,* 84 P.3d 1023, 1029 (Colo.2004).

The statute does not define "completely dismissed." "Complete" is defined by *Black's Law Dictionary* 258 (5th ed.1979) as "[f]ull; entire; including every item or element of the thing spoken of, without omissions or deficiencies." *See also Webster's Third New International Dictionary* 465 (1981) ("complete" means "to make whole, entire, or perfect: end after satisfying all demands or requirements").

Section 24–72–308(1)(a)(II) provides that sealing is not allowed when a dismissal occurs as part of a plea agreement in a separate case or when an offense is not charged due to a plea agreement in such a case. Here, the prosecutor dismissed the felony case in order to file a separate but closely related case against petitioner. This scenario is somewhat similar to the circumstances set forth in section 24–72–308(1)(a)(II), which precludes sealing when a dismissal occurs as part of a plea agreement in a separate case.

In *People v. Chamberlin,* 74 P.3d 489, 490 (Colo.App.2003), also a proceeding under section 24–72–308, the petitioner was charged with felony counts for burglary and theft, but pleaded guilty to a lesser misdemeanor on the theft charge. A division of this court held that the petitioner was not entitled to have his records sealed because "in view of the outstanding misdemeanor conviction in case number 98CR107, the underlying criminal 'case' was *not* 'completely dismissed' as required by [section] 24–72–308(1)(a)(I), notwithstanding the eventual dismissal of the felony count for burglary." *Id.* at 490.

Although the misdemeanor charge in *Chamberlin* was apparently part of the same case in which the two felony charges were dismissed, while here a separate misdemeanor case was filed, we attach no significance to this distinction. Both here and in *Chamberlin,* the misdemeanor charges arose out of the same factual circumstances as the charged felonies. Hence, we apply the

*Chamberlin* division's analysis, and conclude that here the records should not be sealed.

Further, sealing the felony records may hinder prosecution of the misdemeanor case. Section 24–72–308 provides that when a petition to seal is granted, all arrest and criminal records information, except basic identification information, is sealed. Subsequent inspection of these records may be permitted only upon petition by the person who is the subject of the records or by the prosecuting attorney, and only for those purposes named in the petition. *See* § 24–72–308(1)(e).

But even if the district attorney files such a petition, the prosecution may not be granted access to, or may not be able to use, the police reports filed in the felony case in prosecuting the misdemeanor. *See In re T.L.M.*, 39 P.3d 1239, 1240–41 (Colo.App. 2001) (arrest and criminal justice records in the possession of the county department of social services had to be sealed). Hence, this risk could discourage the prosecution from pursuing a lesser charge although that is determined to be appropriate. Interpreting section 24–72–308 to create this dilemma would be an absurd result.

Therefore, we conclude that the district court erred in granting petitioner's request to seal the arrest and criminal records.

Nevertheless, we note that if petitioner is acquitted in the misdemeanor case, if that case is refiled but later dismissed with prejudice, or if the misdemeanor statute of limitations expires, she may then move to seal the records in both the felony and misdemeanor cases.

The order is reversed, and the case is remanded to the trial court with directions to deny the petition to seal.

Judge CASEBOLT and Judge PLANK * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and