The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 2, 2020

## 2020COA59

### No. 19CA0124, *Huffman v. City and County of Denver* — Public Records — Criminal Justice Record Sealing — Municipal Convictions

A division of the court of appeals interprets section 24-72-708(1)(a)(II), C.R.S. 2018, and holds that the statute does not preclude the sealing of all municipal convictions involving domestic violence.  Instead, the division concludes that the domestic violence prohibition applies only to petitioning defendants who have committed a new offense after the conviction they seek to seal.  Accordingly, the order is reversed, and the case is remanded for further proceedings.

COLORADO COURT OF APPEALS                   **2020COA59**

Court of Appeals No. 19CA0124
City and County of Denver District Court No. 18CV33472
Honorable Michael A. Martinez, Judge

Timothy Roy Huffman,

Petitioner-Appellant,

v.

City and County of Denver, Colorado,

Respondent-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE FREYRE
Richman and Grove, JJ., concur

Announced April 2, 2020

The Law Offices of Joshua Johnson, LLC, Joshua Johnson, Denver, Colorado,
for Petitioner-Appellant

Kristin M. Bronson, City Attorney, Andrew Saliman, Assistant City Attorney,
Marley Bordovsky, Assistant City Attorney, Denver, Colorado, for Respondent-
Appellee

¶ 1     In this record sealing case, we are asked to interpret, for the first time, a provision of the municipal conviction record sealing statute, section 24-72-708(1)(a)(II), C.R.S. 2018, that the General Assembly added in 2017.  Prior to this amendment, the statute permitted a defendant to request sealing of a municipal conviction if, among other requirements, at least three years had passed since the conviction's disposition or the defendant's release from supervision (whichever was later), *and* if the defendant had not been charged with or convicted of a new felony, misdemeanor, or misdemeanor traffic offenses since the conviction's disposition or the defendant's release from supervision (no new offenses requirement).[1]  § 24-72-708(1)(a)(I).

¶ 2     The provision at issue, section 24-72-708(1)(a)(II), reflects an exception to the "no new offenses" requirement.  It allows a defendant who has committed a new offense to petition for sealing of a municipal conviction, but only if (1) the municipal conviction to

---

[1] The statute also prohibits the sealing, under any circumstances, of municipal convictions for misdemeanor traffic offenses committed either by the holder of a commercial learner's permit or a commercial driver's license, or by the operator of a commercial motor vehicle.  § 24-72-708(1)(a)(I)(C), C.R.S. 2018.

be sealed did not involve domestic violence and (2) the new offense did not involve domestic violence and is not a felony. The question we must answer is whether the General Assembly, when it expanded the reach of the municipal sealing statute, intended to preclude the sealing of *all* municipal convictions involving domestic violence when it added this subsection, as argued by the City and County of Denver (City) and found by the district court, or whether this domestic violence prohibition applies only to petitioning defendants who have committed a new offense after the disposition of the municipal conviction they seek to have sealed.[2] Petitioner, Timothy Roy Huffman makes the latter argument and appeals the district court's order denying his petition to seal his municipal assault conviction. For the reasons described below, we agree with Mr. Huffman. Accordingly, we reverse the district court's order and remand the case for a hearing on Mr. Huffman's petition under section 24-72-708(2)(b).

---

[2] This provision also includes an unlawful sexual conduct and child abuse limitation not at issue.

## I.    Background

¶ 3    In 2007, Mr. Huffman pleaded guilty to a single count of municipal assault where the underlying facts involved domestic violence.  The court sentenced Mr. Huffman to one year of supervised probation, which he successfully completed in 2008.  He has incurred no additional charges or convictions since his release from supervision.

¶ 4    In September 2018, and for reasons related to his employment, Mr. Huffman petitioned the district court to seal his municipal conviction under section 24-72-708.  The City objected and argued that subsection (1)(a)(II) categorically bars the district court from sealing municipal convictions involving domestic violence.  It reasoned that because Mr. Huffman was convicted of a municipal assault involving domestic violence, he is ineligible to have the conviction sealed.

¶ 5    The district court agreed with the City's interpretation of the statute, found Mr. Huffman's municipal conviction ineligible for sealing, and denied the petition.

## II. Sealing of Municipal Conviction Records Under Section 24-72-708

¶ 6    Mr. Huffman contends that the district court misinterpreted section 24-72-708(1)(a)(II) by applying its domestic violence prohibition to all municipal convictions.  He argues that the statute's plain language only applies this prohibition to defendants who have committed a new offense and whose convictions would not otherwise qualify for sealing under section 24-72-708(1)(a)(I).  We agree.

### A.    Standard of Review and Relevant Law

¶ 7    We review the district court's interpretation of section 24-72-708 de novo.  *See Sperry v. Field*, 205 P.3d 365, 367 (Colo. 2009) (noting "[s]tatutory interpretation is a question of law subject to de novo review").  In doing so, we apply basic principles of statutory construction.

¶ 8    We begin with the plain language of the statute, and if the statute is clear and unambiguous on its face, we need not look any further.  *Id.*  We read words and phrases in context and construe them "according to grammar and common usage." *Jefferson Cty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010); *see*

*also* § 2-4-101, C.R.S. 2019. "We apply the plain meaning of the statutory language, give consistent effect to all parts of a statute, and construe each provision in harmony with the overall statutory design." *Associated Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n,* 2012 CO 28, ¶ 11. We avoid interpretations that "defeat the obvious intent of the legislature," *Klinger v. Adams Cty. Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo. 2006), as well as interpretations that lead to illogical or absurd results, *Frazier v. People,* 90 P.3d 807, 811 (Colo. 2004).

¶ 9     Only when a statute is ambiguous may we look beyond its plain language to other sources of legislative intent. *Associated Gov'ts of Nw. Colo.,* ¶ 11. A statute is ambiguous if it is reasonably susceptible of multiple interpretations. *Hunsaker v. People,* 2015 CO 46, ¶ 11. "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *People v. Yoder,* 2016 COA 50, ¶ 17 (citation omitted).

¶ 10     Section 24-72-708 authorizes a district court to seal a defendant's municipal criminal conviction records.

(1) Sealing of convictions records. (a)(I) A defendant may petition the district court of the district in which any conviction records pertaining to the defendant for a petty offense or municipal violation are located for the sealing of the conviction records, except basic identifying information, if:

(A) The petition is filed three or more years after the date of the final disposition of all criminal proceedings against the defendant or the release of the defendant from supervision concerning a criminal conviction, whichever is later; and

(B) The defendant has not been charged or convicted for a felony, misdemeanor, or misdemeanor traffic offense in the three or more years since the date of the final disposition of all criminal proceedings against him or her or the date of the defendant's release from supervision, whichever is later; and

(C) The conviction records to be sealed are not for a misdemeanor traffic offense committed either by a holder of a commercial learner's permit or a commercial driver's license, . . . or by the operator of a commercial motor vehicle.

§ 24-72-708(1)(a)(I). We refer to the second requirement for sealing explained in subsection (1)(a)(I)(B) as the "no new offense" requirement.

¶ 11    The 2017 amendment, which added subsection (1)(a)(II), sets forth additional sealing requirements and provides, in relevant part,

6

(II)    Notwithstanding the provisions of subsection (1)(a)(I)(B) of this section, a defendant may petition the district court of the district in which any conviction records pertaining to the defendant for a municipal violation, except a municipal assault or battery offense in which the underlying factual basis involves domestic violence, as defined in section 18-6-800.3(1), or any other municipal violation in which the underlying factual basis involves domestic violence, as defined in section 18-6-800.3(1), or petty offense are located for the sealing of the conviction records, except basic identification information, if:

(A) The defendant was convicted of a single offense that was not a felony and did not involve domestic violence as defined in section 18-6-800.3(1) . . . ;

. . . .

(B) That offense occurred within three years of the date of the final disposition of all criminal proceedings against him or her related to the conviction that the defendant is seeking to have sealed or within three years of the date of defendant's release from supervision related to the conviction that the defendant is seeking to have sealed; whichever is later; and

(C) The defendant has not been convicted for a felony, misdemeanor, or misdemeanor traffic offense in the ten or more years since the date of the final disposition of all criminal proceedings against him or her for the subsequent criminal case or in the ten or more years since the date of the defendant's release

from supervision for the subsequent case, whichever is later.

§ 24-72-708(1)(a)(II).

## B. Statutory Analysis

¶ 12     We begin our analysis with a brief overview of the sealing statute's history. *See Carrera v. People*, 2019 CO 83, ¶ 24 (noting that a "statute's history can 'inform[] our understanding of legislative intent'") (citation omitted). Initially, the Criminal Justice Act of 1977 permitted courts to seal all criminal records, including convictions, upon petition and hearing. *People v. Bushu*, 876 P.2d 106, 108 (Colo. App. 1994) (citing Ch. 340, sec. 1, § 24-72-308, 1977 Colo. Sess. Laws 1249). But, in 1988, the General Assembly repealed and re-enacted this statute. *Id.* (citing Ch. 190, sec. 3, § 24-72-308, 1988 Colo. Sess. Laws 979). In doing so, it substantially narrowed the class of persons eligible to have criminal records sealed to (1) persons investigated but not charged with a crime; (2) persons whose charges were completely dismissed; and (3) persons who were acquitted at trial. 1988 Colo. Sess. Laws at 979-80. Thus, a person convicted of a criminal offense could no longer petition to seal criminal records. *Bushu*, 876 P.2d at 108.

¶ 13    In 2008, the General Assembly enacted legislation permitting

certain criminal convictions involving controlled substances to be

sealed.  *See* Ch. 393, sec. 2, § 24-72-308.5, 2008 Colo. Sess. Laws

1938.  In 2012, the General Assembly expanded sealing to include

offenses committed by victims of human trafficking.  Ch. 174, sec.

7, § 24-72-308.7, 2012 Colo. Sess. Laws 623.  In 2013, the General

Assembly added a new provision to the sealing statute that set forth

separate requirements and a separate procedure for sealing petty

and municipal offenses.  Ch. 289, sec. 10, § 24-72-308.9, 2013

Colo. Sess. Laws 1544.  And in 2014, the General Assembly

expanded sealing to include offenses related to posting intimate

photographs of a person on the internet, Ch. 283, sec. 3,

§ 24-72-709, 2014 Colo. Sess. Laws 1166.[3]

¶ 14    As originally enacted, the municipal conviction sealing statute

required a petitioning defendant to satisfy the same three

requirements now set forth in section 24-72-708(1)(a)(I)(A)-(C) to

seal a municipal or petty offense conviction.  2013 Colo. Sess. Laws

---

[3] In 2014, the statutes pertaining to sealing of criminal records were recodified at sections 24-72-701 to -708.  *See* Ch. 317, secs. 2-3, §§ 24-72-701 to -708, 2014 Colo. Sess. Laws 1377-94.

at 1544. Importantly, the original statute did not permit any defendant who had been charged with or convicted of a new offense to request sealing of a municipal conviction. That changed in 2017 when the General Assembly added the provision at issue, subsection (1)(a)(II), to section 24-72-708. With this history in mind, we turn to the language of this provision.

¶ 15    We begin with the first phrase, "[n]otwithstanding the provisions of subsection (1)(a)(I)(B)," and conclude that it plainly concerns the "no new offense" sealing requirement in the first subsection. *See* § 24-72-708(1)(a)(I)(B). The word "notwithstanding" means "despite" or "in spite of." Merriam-Webster Dictionary, https://perma.cc/EQR4-9MN9; *see* Black's Law Dictionary 823 (11th ed. 2019) (defining "notwithstanding" as "[d]espite" or "in spite of"); *see Zamarripa v. Q & T Food Stores, Inc.*, 929 P.2d 1332, 1339 n.9 (Colo. 1997) (noting that the terms "despite" and "notwithstanding" are often used interchangeably); *see also Goodman v. Heritage Builders, Inc.*, 2017 CO 13, ¶ 11 ("When used in a statute, 'notwithstanding' is intended 'to exclude — not include — the operation of other statutes.'") (citation omitted). Giving this phrase its ordinary meaning, we conclude that

it signals an upcoming exception to the "no new offense" requirement in subsection (1)(a)(I)(B). *See Mendoza v. Pioneer Gen. Ins. Co.*, 2014 COA 29, ¶ 24 (where the statute does not define a term, courts may refer to dictionary definitions to determine the plain and ordinary meaning of the word); *see also Roup v. Commercial Research, LLC*, 2015 CO 38, ¶ 8 (courts prefer to apply a commonly accepted meaning over a strained or forced interpretation, and when a statute does not define a term, we assume that the General Assembly intended to give the term its usual and ordinary meaning).

¶ 16    Next, section 24-72-708(1)(a)(II) says that "a defendant may petition the district court of the district in which any conviction records pertaining to the defendant for a municipal violation, except a municipal assault or battery offense in which the underlying factual basis involves domestic violence . . ., are located for the sealing of the conviction records, . . . ." Because the domestic violence exception is set off by commas, we conclude that it relates to the words "municipal violation" that precede it. *See Pena v. Indus. Claim Appeals Office*, 117 P.3d 84, 87 (Colo. App. 2004), *as modified on denial of reh'g* (May 26, 2005) (a phrase set off from a

11

category by commas modifies one or more categories that precede it). Thus, this language begins the exception to the "no new offenses" requirement by first limiting its applicability to cases where the petitioning defendant's underlying municipal conviction did not involve domestic violence.

¶ 17    Assuming a petitioning defendant's municipal conviction satisfies this condition, then subsection (1)(a)(II)(A)-(C) sets forth additional requirements for sealing. As relevant here, (A) requires that a defendant be convicted of a single, nonfelony offense that did not involve domestic violence. The City argues that "single offense" refers to the underlying municipal conviction sought to be sealed because the word "subsequent" appears nowhere in this provision. We disagree because such a reading would be nonsensical. If the General Assembly meant "single offense" to be the underlying municipal offense, then there would be no need for the "not a felony" language that follows it, because a municipal offense can never be a felony. We may not read language out of a statute, *People v. Coleman*, 2018 COA 67, ¶ 51 (citing *Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007)), nor may we interpret a statute in a way that would render any of its language superfluous or absurd, *Am.*

12

*Family Mut. Ins. Co. v. Barriga*, 2018 CO 42, ¶ 8.  Hence, the "not a felony" phrase reveals that subsection (1)(a)(II)(A) pertains to the new offense, and not the underlying municipal conviction to be sealed.

¶ 18    This interpretation is bolstered by the language of section 24-72-708(1)(a)(II)(B), which begins, "[t]hat offense . . .," which plainly refers back to the offense referenced in subsection (1)(a)(II)(A).  It goes on to require that "[t]hat offense" have occurred "within three years of the date of the final disposition of all criminal proceedings against him or her *related to the conviction that the defendant is seeking to have sealed . . . ," id.* (emphasis added), which confirms that "that offense" can only mean a new offense and not the underlying municipal conviction.

¶ 19    Finally, subsection (C) sets forth a time requirement not found in subsection (1)(a)(I).  It requires that a petitioning defendant not be convicted of a felony, misdemeanor, or misdemeanor traffic offense within *ten* years of the disposition of all proceedings or release from supervision in the "subsequent criminal case." § 24-72-708(1)(a)(I)(C).  Thus, this provision requires a defendant who commits a new offense within three years of the municipal violation

13

to wait at least ten years from the disposition of that new offense to file a petition to seal the underlying municipal offense. And if another new offense is committed within that ten-year time period, then the defendant can never petition for sealing of the underlying municipal offense. That subsection (1)(a)(I) permits a defendant to petition for sealing *three* years after the completion of the municipal offense, in contrast to the *ten* years required by subsection (1)(a)(II)(C) further supports our conclusion that subsection (1)(a)(II) unambiguously provides an exception to the "no new offense" requirement of subsection (1)(a)(I)(B), and that it does not categorically bar the sealing of all municipal convictions that involve domestic violence. *See Associated Gov'ts of Nw. Colo.*, ¶ 11 (Courts "give consistent effect to all parts of a statute, and construe each provision in harmony with the overall statutory design.").

¶ 20    We are not persuaded that this statute is reasonably susceptible of any other interpretation.[4] Subsection (1)(a)(II) specifically references the "no new offense" requirement in (1)(a)(I)(B) and provides a domestic violence prohibition that does

---

[4] Both parties argue that the plain language supports their position and that we need not consider the statute's legislative history.

14

not appear in subsection (1)(a)(I). When read together, this difference demonstrates that the General Assembly intended to expand sealing to municipal defendants who incurred new charges or convictions, but only in limited circumstances. *See People v. Owens*, 219 P.3d 379, 382 (Colo. App. 2009) (reading statutes in their entirety to discern meaning). As well, if, as Mr. Huffman argues, the General Assembly had intended to categorically prohibit the sealing of all municipal convictions involving domestic violence, then it could simply have added this category of offenses to subsection (1)(a)(I)(C), which lists the convictions and records not eligible for sealing. *See Zamarripa*, 929 P.2d at 1339 (legislative omissions must be viewed as intentional and must be given effect).

¶ 21    Based on the plain language and structure of section 24-72-708(1)(a)(II), we hold that subsection (1)(a)(II) applies only to petitioning defendants who have been charged with or convicted of a new offense following their original municipal conviction, and that it does not categorically bar the sealing of all municipal convictions involving domestic violence.

## C. Application

¶ 22    The undisputed record shows that Mr. Huffman successfully completed probation on his municipal assault conviction in 2008 and that he has not incurred any additional charges or convictions since that time.  Because he has satisfied all of the criteria under subsection (1)(a)(I), he was eligible to file a petition to seal the municipal conviction in the district court as early as 2013 when the municipal conviction sealing statute first became effective.  And because he has committed no new offenses, the "no new offense" prohibitions of subsection (1)(a)(II) do not apply to his case.  Accordingly, we conclude that the district court erroneously found that Mr. Huffman is ineligible to have his municipal conviction sealed because it involved domestic violence.

## III. Conclusion

¶ 23    We reverse the district court's order and remand the case for a hearing on the petition.

JUDGE RICHMAN and JUDGE GROVE concur.