The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 8, 2022

**2022COA140**

**No. 20CA2096, *Peo v. Di Asio* — Government — Public Records
— Criminal Justice Record Sealing — Sealing of Records — Plea
Agreements — Waiver**

As a matter of first impression, a division of the court of
appeals interprets the 2019 amendment to section 24-72-703(11),
C.R.S. 2022, which prohibits requiring a defendant to waive future
sealing as part of a plea agreement, and holds that it applies
prospectively from its effective date of August 2, 2019. Accordingly,
the amendment does not apply to the defendant's 2008 plea and the
court's order denying sealing is affirmed.

COLORADO COURT OF APPEALS                    **2022COA140**

Court of Appeals No. 20CA2096
El Paso County District Court No. 08CR2435
Honorable Jill M. Brady, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Sean Daniel Di Asio,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE FREYRE
Lipinsky and Lum, JJ., concur

Announced December 8, 2022

Philip J. Weiser, Attorney General, Brian M. Lanni, Assistant Attorney General
II, Denver, Colorado, for Plaintiff-Appellee

Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Defendant-
Appellant

¶ 1    In this record-sealing case, defendant, Sean Daniel Di Asio, appeals the district court's order denying his motion to seal his conviction for obtaining drugs by fraud or deceit, a class 5 felony. As a matter of first impression, we interpret the 2019 amendment to section 24-72-703(11), C.R.S. 2022, which prohibits requiring a defendant to waive future sealing as part of a plea agreement. We conclude the statute applies prospectively from its effective date of August 2, 2019, rather than retroactively. Accordingly, we conclude the amendment does not apply to Di Asio's 2008 plea agreement and affirm the court's order.

## I.    Background

¶ 2    In 2008, Di Asio was charged with two felony counts for distributing and selling prescription drugs using a prescription pad belonging to his father, a retired physician. He pleaded guilty to one count of obtaining drugs by fraud or deceit in exchange for the dismissal of a class 3 felony distribution charge. He also stipulated to probation conditioned upon his completion of substance abuse treatment and public service. The plea agreement contained a provision regarding sealing:

> I expressly agree to waive and give up any right I may have, now or in the future, to request that any records related to this case be sealed, or to have the Court order such sealing, whether provided by §[sic]24-72-308, §[sic]24-72-308.5, C.R.S., or any other provision of law. This waiver also applies to the sealing of any of my cases that have been disposed of or dismissed as part of this plea agreement.

The court accepted the plea agreement and sentenced Di Asio to two years of supervised probation, which he successfully completed in 2010. Di Asio did not incur any additional charges after his release from supervision.

¶ 3 In 2020, Di Asio filed a motion to seal his conviction record. He argued that his record was eligible for sealing under section 24-72-706(1)(g), C.R.S. 2022. That statute provides:

> At any hearing to determine whether records may be sealed, except for basic identification information, the court must determine that the harm to the privacy of the defendant or the dangers of unwarranted, adverse consequences to the defendant outweigh the public interest in retaining public access to the conviction records. In making this determination, the court shall, at a minimum, consider the severity of the offense that is the basis of the conviction records sought to be sealed, the criminal history of the defendant, the number of convictions and dates of the convictions for which the defendant is seeking

> to have the records sealed, and the need for the government agency to retain the records.

Di Asio asserted that the harm to his privacy or the danger of unwarranted, adverse consequences outweighed the public interest in retaining public access to the record of his conviction. Specifically, he noted that, because information regarding his conviction was publicly available, he had been denied employment and housing, and he had lost his emergency medical technician license.

¶ 4 In a letter attached to the motion, Di Asio's father expressed his support of Di Asio's request, attesting that Di Asio felt remorse for his past behavior and that he had developed into a "responsible and mature man" since his conviction.

¶ 5 The People raised three objections to the motion. First, they argued that Di Asio had waived his right to seal his conviction record as part of the plea agreement. Second, they argued that the recent amendments to section 24-72-703(11) prohibiting such a waiver as part of a plea agreement did not retroactively apply to Di Asio's waiver, and that retroactive application would violate the contracts clause of the Colorado Constitution. Finally, they argued

3

that Di Asio did not meet the criteria for sealing under section 24-72-706(1)(g) considering the severity of his offense and the public's need to be aware of his conviction.

¶ 6 Di Asio responded that section 24-72-703(11) applied retroactively to his plea agreement because the retroactivity language from sections 24-72-705 and 24-72-706, C.R.S. 2022, was incorporated into section 24-72-703(11) pursuant to the applicability provision in section 24-72-703(1). He further argued that applying section 24-72-703(11) retroactively did not violate the Colorado Constitution.

¶ 7 At the hearing, Di Asio described the hardships he had encountered and continued to experience as a result of public access to the record of his conviction. His father also addressed the court in support of the motion, and Di Asio provided a letter supporting sealing from his treating physician. For the first time, Di Asio also asserted that the People lacked standing to challenge the constitutionality of the statute. At the court's request, the parties filed supplemental briefs addressing the constitutionality of retroactive application of section 24-72-703(11) and the People's standing to assert the same.

¶ 8    In a thorough written order, the district court denied Di Asio's motion and found that section 24-72-703(11) did not apply retroactively to invalidate his waiver of the right to seal in his plea agreement. The court noted that the language of section 24-72-703(11) "is silent as to retroactivity." In addition to this silence, the court observed that two other sections of the criminal justice record-sealing statutes — sections 24-72-705(1)(c) and 24-72-706(3) — contain "unequivocal language mandating retroactive application." Applying statutory interpretation principles, the court found that section 24-72-703(11) applied prospectively only and that if the General Assembly had intended for it to apply retroactively, "it certainly could have, and would have, said so, as it did with Sections 705 and 706." For the same reasons, it rejected Di Asio's argument that that the retroactivity language in sections 24-72-705 and 24-72-706 was incorporated into section 24-72-703(11).

¶ 9    Further, the court explained that section 24-72-703(11) "prohibits defendants from being required to waive their right to request sealing as a condition of a plea agreement *for all plea agreements entered on or after the effective date of the statute; i.e.,*

5

*August 2, 2019.*" By contrast, the court explained that sections 24-72-705(1)(c) and 24-72-706(3) permit sealing "in eligible cases (not all cases) *before the effective date of the amendments.*" Thus, the court reasoned that a plea agreement containing a waiver provision entered before August 2, 2019, is not an eligible case under sections 24-72-705 and 24-72-706. The court denied the motion and declined to address whether Di Asio satisfied the criteria for sealing under section 24-72-706(1)(g) or whether section 24-72-703(11) violated the contracts clause of the Colorado Constitution.

## II. Record Sealing

¶ 10 Di Asio contends the district court misconstrued section 24-72-703(11) as applying prospectively only and, thus, erroneously found he was ineligible for sealing under section 24-72-706(1)(b)(III) because he waived the right to seal as part of the plea agreement. He also contends that there is no constitutional problem with retroactive application of section 24-72-703(11), and that the People lack standing to assert their constitutional argument.

¶ 11    We conclude that section 24-72-703(11) applies prospectively only.  Therefore, we do not address Di Asio's other contentions.[1] *Developmental Pathways v. Ritter*, 178 P.3d 524, 535 (Colo. 2008) ("[T]he principle of judicial restraint requires us to 'avoid reaching constitutional questions in advance of the necessity of deciding them.'" (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988))).

A.    Standard of Review and Applicable Law

¶ 12    Statutory interpretation is a question of law that we review de novo.  *Finney v. People*, 2014 CO 38, ¶ 12.  In interpreting a statute, "our focus is on legislative intent, and we construe the statute as a whole, giving consistent, harmonious, and sensible effect to all of its parts."  *City & Cnty. of Denver v. Dennis*, 2018 CO 37, ¶ 12.  Our statutory interpretation jurisprudence requires that we reach a "reasonable result consistent with the General Assembly's intent," *Sky Fun 1 v. Schuttloffel*, 27 P.3d 361, 370 (Colo. 2001), and that, when possible, we interpret "a provision

---

[1] We note that the People's constitutional arguments were not included as a basis for the district court's order, nor did the People renew those arguments on appeal.

7

existing as part of a comprehensive statutory scheme . . . to harmonize the whole," *Frank M. Hall & Co. v. Newsom*, 125 P.3d 444, 448 (Colo. 2005).

¶ 13 To determine the legislature's intent, we look first to the plain language of the statute. *Huffman v. City & Cnty. of Denver*, 2020 COA 59, ¶ 6. We give statutory language its ordinary meaning according to the rules of grammar and common usage, *id.* at ¶ 8, and where the statutory language is clear and unambiguous, we apply the plain and ordinary meaning of the provision, *Trujillo v. Colo. Div. of Ins.*, 2014 CO 17, ¶ 12. "We do not add or subtract words from the statute, and if the language is unambiguous, we 'give effect to its plain and ordinary meaning and look no further.'" *Dennis*, ¶ 12 (quoting *Smokebrush Found. v. City of Colorado Springs*, 2018 CO 10, ¶ 18). Furthermore, "[w]e avoid interpretations that 'defeat the obvious intent of the legislature,' as well as interpretations that lead to illogical or absurd results." *Huffman*, ¶ 8 (quoting *Klinger v. Adams Cnty. Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo. 2006)).

¶ 14 "Statutory language is unambiguous if it is susceptible of only one reasonable interpretation." *Montezuma Valley Irrigation Co. v.*

8

*Bd. of Cnty. Comm'rs*, 2020 COA 161, ¶ 20. "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *People v. Diaz*, 2015 CO 28, ¶ 13 (citation omitted).

¶ 15 Absent express legislative intent to the contrary, we presume a statute only operates prospectively, meaning it solely applies to events occurring after its effective date. § 2-4-202, C.R.S. 2022; *In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002). To overcome this presumption, a statute must reveal a clear legislative intent that it be applied retroactively. *Pollock v. Highlands Ranch Cmty. Ass'n*, 140 P.3d 351, 354 (Colo. App. 2006).

¶ 16 Colorado's criminal record-sealing statutes are contained in sections 24-72-703 to 24-72-710, C.R.S. 2022. Section 24-72-703 contains general provisions that apply to "sealing of arrest and criminal justice records pursuant to sections 24-72-704 to 24-72-710[, C.R.S. 2022]." § 24-72-703(1). Sections 24-72-704 through 24-72-710 apply to sealing of various categories of criminal records.

¶ 17 The General Assembly amended the criminal record-sealing statutes in 2019 and added subsection (11). Ch. 295, sec. 1, § 24-

72-703(11), 2019 Colo. Sess. Laws 2737-38.  As relevant here,

section 24-72-703(11) provides: "A defendant shall not be required

to waive his or her right to file a motion to seal pursuant to the

provisions of this section as a condition of a plea agreement in any

case."  This provision became effective on August 2, 2019.  Sec. 8,

2019 Colo. Sess. Laws at 2748.

¶ 18     Additionally, section 24-72-706(1)(b)(III) provides:

> If the offense is a class 4, class 5, or class 6
> felony, a level 3 or level 4 drug felony except a
> level 4 drug felony for a conviction pursuant to
> section 18-18-403.5(2.5), or a class 1
> misdemeanor, the motion [for the sealing of
> the conviction records] may be filed three years
> after the later of the date of the final
> disposition of all criminal proceedings against
> the defendant or the release of the defendant
> from supervision concerning a criminal
> conviction.

"Motions filed pursuant to this section are procedural in nature,

and sealing pursuant to this section applies retroactively to all

eligible cases."  § 24-72-706(3).

## B.     Analysis

¶ 19     Di Asio does not dispute that he waived his right to seal his

record as part of the plea agreement.  Nor do the parties disagree

that Di Asio's class 5 felony conviction is the type of conviction

10

eligible for sealing. The question is whether the 2019 amendment to section 24-72-703(11), which prohibits requiring a defendant to waive sealing as part of a plea agreement, applies retroactively to invalidate Di Asio's waiver. We conclude that it does not for four reasons.

¶ 20    First, we observe that section 24-72-703(11) contains no retroactivity language. Thus, the statute's plain language does not support its retroactive application.

¶ 21    Second, we reject Di Asio's argument that the phrase "in any case" in section 24-72-703(11) reflects the General Assembly's intent to apply the statute retroactively. While we agree that "any" is synonymous with "all" and "each and every," we disagree that it has any temporal meaning or reflects an intent to apply retroactively. And, contrary to Di Asio's argument, the General Assembly clearly expressed its intent that the provision apply only prospectively by providing an effective date of August 2, 2019. *See People v Stellabotte*, 2018 CO 66, ¶ 3; *People v. Hamm*, 2019 COA 90, ¶ 27 ("Statutes that, by their terms, are effective 'on or after' a specified date do not apply retroactively."). We must give

11

effect to all parts of the statute, including its effective date. *People v. Harrison*, 2020 CO 57, ¶ 17.

¶ 22     Third, the General Assembly specifically included retroactivity language in sections 24-72-705 and -706, while excluding it from section 24-72-703. *See* § 24-72-705(1)(c) (permitting retroactive sealing of all eligible cases where a case has been completely dismissed or a defendant has been acquitted of all counts in a state or a municipal criminal case); § 24-72-706(3) (permitting retroactive sealing of criminal conviction records in all eligible cases). This shows that the General Assembly considered retroactivity when enacting the 2019 amendments and that it could have included similar language in section 24-72-703 had that been its intent. *People v. J.J.H.*, 17 P.3d 159, 162 (Colo. 2001) ("Courts should not presume that the legislature used language 'idly and with no intent that meaning should be given to its language.'" (quoting *McMillin v. State*, 158 Colo. 183, 188, 405 P.2d 672, 674 (1965))). Moreover, we note that the General Assembly adopted the three sections as part of the same bill, H.B. 19-1275, and we are required to interpret "a provision existing as part of a comprehensive statutory scheme" in harmony with the whole. *Frank M. Hall & Co.,* 125 P.3d at 448.

¶ 23     When considering the statute as a whole, giving all parts of the statute a "consistent, harmonious, and sensible effect," *Dennis*, ¶ 12, we conclude the General Assembly intended that section 24-72-703(11) apply prospectively only.

¶ 24     Furthermore, we are not convinced that applying section 24-72-703(11) prospectively only contravenes a public policy against requiring defendants to waive their right to seal their conviction records as part of a plea agreement.  Indeed, we agree with Di Asio that the General Assembly is the final authority concerning the state's public policy.  But, for the reasons described above, the General Assembly chose to institute the public policy reflected in section 24-72-703(11) prospectively only.

¶ 25     Finally, and relatedly, the enactment of section 13-3-117, C.R.S. 2022, further supports our conclusion that subsection 703(11) only applies prospectively.  Under section 13-3-117, the state court administrator is required to compile a list of felony drug convictions that are eligible for sealing pursuant to sections 24-72-703 and 24-72-706 and to seal the records of those convictions automatically in 2024.  Section 13-3-117(3)(a) permits the district attorney to object to the inclusion of a conviction where "a condition

of the plea was that the defendant agreed to not have the conviction record sealed." This ability to object to sealing convictions when sealing was waived as part of a plea agreement is consistent with our conclusion that the 2019 amendments did not affect waivers occurring before the effective date of section 24-72-703(11) (August 2, 2019) and that the General Assembly intended that subsection 703(11) only apply prospectively.

¶ 26 Accordingly, we conclude that section 24-72-703(11) does not apply retroactively to invalidate Di Asio's waiver of his right to seal his conviction record for a plea agreement entered in 2018.

### III. Conclusion

¶ 27 The order is affirmed.

JUDGE LIPINSKY and JUDGE LUM concur.